IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| COINTERRA, INC. | § | Case No. 15-10109-hcm |
| Debtor | § § § | (Chapter 7) |
| _____ | § § | |
| FUTURE ELECTRONICS CORP., | § | |
| Movant | § § | |
| v. | § § | |
| COINTERRA, INC. and RANDY OSHEROW, TRUSTEE, | § § | |
| Respondents | § | |

### MOTION OF FUTURE ELECTRONICS CORP. FOR RELIEF FROM THE AUTOMATIC STAY

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW, FUTURE ELECTRONICS CORP. ("Future" or "Movant"), a secured creditor in the above captioned and numbered case, and files this Motion for Relief from Automatic Stay and in support thereof, would respectfully show as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief requested herein is grounded in 11 U.S.C. 362(d) (1).

## Background

3. On January 24, 2015 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. On March 3, 2014, the Debtor entered into a purchase money Security Agreement with Movant in consideration for the extension of credit for collateral purchased by Debtor from Movant. A copy of the Security Agreement (the "Agreement") is attached hereto as Exhibit "A". Evidence of Movant's perfected security interest is attached hereto as Exhibit "B".

5. As of the Petition Date, Future Electronics Corp. was owed the amount of $1,961,580.46.

## Grounds for Relief

6. The Court should lift the automatic stay pursuant to 11 U.S.C. §362(d)(2).

7. Debtor has no equity in the property nor is Debtor reorganizing.

8. Upon information and belief, Automated Circuit Design ("ACD"), and/or its affiliated brokers or agents, are holding approximately $845,000 worth of Movant's collateral purchased by Debtor.

9. The remainder of Movant's collateral is located within servers at various locations. This Motion to Lift Stay pertains only to the collateral held by ACD and/or its affiliated brokers or agents.

WHEREFORE, PREMISES CONSIDERED, FUTURE ELECTRONICS CORP. prays that the Court lift the automatic stay to permit it to take possession of its collateral which was purchased from Future Electronics Corp. by Debtor, Cointerra, Inc., and is being held by Automated Circuit Design and/or its affiliated brokers or agents, and exercise its remedies under

applicable non-bankruptcy law, and for such other and further relief, at law and in equity, to which it may be entitled.

          Respectfully Submitted,

          **BARRON & NEWBURGER, P.C.**
          1212 Guadalupe, Suite 104
          Austin, Texas 78701
          (512) 476-9103 x 231 / (512) 476-9253 Facsimile

By:   */s/ Lynn Saarinen*
      Lynn Saarinen, SBN 17498900

          **ATTORNEYS FOR FUTURE ELECTRONICS CORP.**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing Motion was served on February 3, 2015, to the parties listed below by the Court's ECF noticing System or by First Class Mail, postage prepaid and that Movant has complied with Local Rule 9013(c).

Debtor - Cointerra, Inc. 11130 Jollyville Road, Suite 303, Austin, TX 78759

Debtor's attorney - Timothy Davidson, 600 Travis, Suite 4200, Houston, TX 77002.

Chapter 7 Trustee - Randolph Osherow, 342 W. Woodlawn, Suite 100, San Antonio, TX 78212

U.S. Trustee - Office of the U.S. Trustee, 903 San Jacinto Blvd., Room 230, Austin, TX 78701

Interested party - Automated Circuit Design, 1250 American Pkwy., Richardson, TX 75081

          */s/ Lynn Saarinen*
          Lynn Saarinen

## SECURITY AGREEMENT

This Security Agreement, made and entered in this __3rd__ day of __MARCH__, 20__14__, by and between *FUTURE ELECTRONICS CORP*, located at *41 MAIN ST, BOLTON MA 01740* (hereinafter "Secured Party") and *COINTERRA, INC.*, with chief executive offices located at *SUITE 303, 11120 JOLLYVILLE RD, AUSTIN TX 78759* and if registered, incorporated in the state of __DELAWARE__ .(hereinafter "Debtor").

### I    CREATION OF SECURITY INTEREST

In consideration for the extension of credit, Debtor hereby grants a purchase money security interest in and assigns to the Secured Party the Collateral described in paragraph II below to secure payment and performance of the Obligations (defined below).

### II    COLLATERAL

To secure payment and performance of the Obligations Debtor hereby grants to Secured Party a continuing purchase money security interest in all inventory, equipment, and goods including all embedded and non-embedded software manufactured by or distributed by Secured Party, whenever sold, consigned or delivered, directly or indirectly, to or for the benefit of Debtor by Secured Party, wherever located, now owned and hereafter acquired including but not limited to all *various electronic components*, and all accessions and products, and accessories, supplies and parts including repossessions and returns; and all proceeds from the sale thereof; all documents including books and records; and all existing or subsequently arising, accounts and accounts receivable, and supporting obligations which may from time to time hereafter come into existence during the term of this Security Agreement. Secured Party's purchase money security interest is explicitly limited to outstanding obligations between Secured Party and Debtor.

The term "Obligations" as used in this Agreement shall mean and include all indebtedness, liabilities and obligations, liabilities and obligations of any nature, however arising whether monetary or otherwise, now existing or hereafter arising in favor of Secured Party, including any attorney's fees and expenses to which Secured Party may be entitled as further provided in this Agreement.

### III    DEBTOR'S OBLIGATIONS

A. The Collateral will not be misused or abused, wasted or allowed to deteriorate, except for the ordinary wear and tear of its intended primary use.
B. The Collateral will be insured until this security agreement is terminated against all expected risks to which it is exposed.
C. The Collateral will be kept at the Debtor's place(s) of business set forth herein (unless sold in the ordinary course of Debtor's business pursuant to clause E below), where Secured Party may inspect it at any time upon reasonable notice.
D. Debtor warrants and covenants: That the Collateral will be held for use, sale or lease in and for Debtor's business and will be kept only at the principal place of business set forth herein (and Debtor's additional address(es) set forth with its signature, if any). [Note: Deleted text covered in G below]
E. The Collateral will not be sold, transferred, disposed, or made subject to any paid charge, including taxes of any subsequent interest of a third party created or suffered by Debtor, voluntary or involuntary, unless Secured Party consents in writing to such charge, transfer or disposition; *provided that*, notwithstanding the foregoing, Debtor may sale, transfer, or dispose of inventory in the ordinary course of business without the prior written consent of Secured Party whether or not such inventory, or any part thereof, is Collateral.
F. Debtor will reimburse Secured Party for any action to remedy a default under this agreement.
G. Debtor will notify Secured Party in writing 30 days prior of: its opening of any new places of business, or the closing of any existing places of business, or the change of name or nature of the entity including changes to state of incorporation or state of chief executive offices.
H. Where Collateral is in the possession of a third party, Debtor will join with Secured Party in notifying the third party of Secured Party's interest and obtaining an acknowledgement from the third party that its is holding the Collateral for the benefit of Secured Party.

### IV    DEFAULT

The following shall constitute a default by Debtor:

*non-payment*:    Failure to pay the principal or any installment of principal or of interest on the Obligations when due. In addition, Debtor shall be in default if bankruptcy or insolvency proceedings are instituted by or against the Debtor or if Debtor makes any assignment for the benefit of creditors.

*misrepresentation*:    Misrepresentation or misstatement in connection with, noncompliance with or nonperformance of any of Debtor's obligations or agreements under paragraphs III and VII shall constitute default under this Security Agreement

### V    SECURED PARTY'S RIGHTS AND REMEDIES

A. Secured Party may assign this security agreement, and...
   (1) If Secured Party does assign this security agreement, the assignee shall be entitled, upon notifying the Debtor, to performance of all Debtor's obligations and agreements under paragraphs III and VII, and assignee shall be entitled to all of the rights and remedies of Secured Party under this paragraph V, and...
   (2) Debtor will assert no claims or defenses he may have against Secured Party or against its assignee except those granted in this security agreement, and...

EXHIBIT A

B. Upon Debtor's default, Secured Party, shall have all rights set forth under the Uniform Commercial Code, including, but not limited to Article 9, and may exercise his rights of enforcement under the Uniform Commercial Code in force in the State where the Collateral is located or where the UCC Financing Statement is filed and In conjunction with, in addition to or substitution for those rights, at Secured Party's discretion, may
    (1) Declare all unpaid balances due and payable, notwithstanding otherwise stated maturities; and/or,
    (2) Require Debtor to assemble the Collateral and make it available at a place Secured Party designates in writing which is mutually convenient, to allow Secured Party to take possessions or dispose of the Collateral and
    (3) Enter upon Debtor's premises to take possession of, assemble and collect the Collateral or to render it unusable, and
    (4) Waive any default or remedy any default in any reasonable manner without any or all Accounts or other collateral or proceeds, or to sell, transfer, compromise, waiving the default remedied and without waiving any other prior or subsequent default.

## VI RIGHTS AND REMEDIES OF DEBTOR

Debtor shall have all the rights and remedies before or after default provided in Article 9 of the Uniform Commercial Code in force in the State of where the Collateral is located or where the UCC Financing Statement is filed.

## VII ADDITIONAL AGREEMENTS AND AFFIRMATIONS

A. Debtor Agrees and Affirms
    (1) That information supplied and statements made by him in any financial or credit statement or application for credit prior to this security agreement are true and correct and,
    (2) That no financing statement covering the Collateral or its proceeds is on file in any public office and that, except for the purchase money security interest granted in this security agreement, there is no adverse lien, security interest or encumbrance in or on the Collateral, and
    (3) Debtor warrants and covenants that it will keep and maintain its business as presently constituted and will advise Secured Party immediately of any change in the name or nature or location thereof and of any fact or occurrence which does, or with lapse of time could, impair Debtor's ability to perform hereunder. Debtor warrants that all locations of collateral and all corporate, partnership, doing business, trade and individual names are listed below the signature line (hereon) are absolutely accurate and complete and that it will give Secured Party at least thirty (30) days prior written notice of any change thereof, addition thereto or deletion therefrom.
    (4) That if Debtor is also buyer of the Collateral, there are no express warranties unless they appear in writing signed by the seller and there are no implied warranties of merchantability or fitness for a particular purpose in connection with the sale of the Collateral.

B. Mutual Agreements
    (1) "Debtor" and "Secured Party" as used in this security agreement include the heirs, executors or administrators, successors or assigns of those parties.
    (2) The law governing this secured transaction shall be that of the State where the Collateral is located or where the UCC Financing Statement is filed.
    (3) If more than one Debtor executes the security agreement, their obligations hereunder shall be joint and several.
    (4) This agreement doesn't waive Secured Party's rights under any other agreement that Debtor has signed with the Secured Party.
    (5) Debtor authorizes Secured Party to file a UCC Financing Statement describing the collateral and appoints Secured Party as Debtor's agent and grants Secured Party limited Power of Attorney to sign UCC forms for the purpose of protecting Secured Party's interest.

C. Form of Debtor's Business
    (1) Debtors business is (circle one):

        ✓ a. Registered Organization     b. Unregistered Organization     c. Individual

        (a) If a. Registered Organization: State where Incorporation/Formed _DELAWARE_

        (b) If b. Unregistered Organization: Location of Business (state) or if more than one place of business, "chief executive office" _____.

        (c) If c. Individual: State or States of Residence (include all states) _____, _____, _____, _____.

> - Registered Organizations include: Includes corporations, limited liability corporations and limited partnerships.
> - Unregistered Organizations include: Partnerships.
> - Individuals Include: Sole Proprietorships

D. Further Assurances.
    (1) Debtor agrees to execute any further documents, and to take any further actions, reasonably requested by Secured Party to evidence or perfect the purchase money security interest granted herein or to effectuate the rights granted to the Secured Party herein.
    (2) Exact legal name is set forth in the first paragraph of this Security Agreement.

## VIII PARTIAL INVALIDITY

invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision hereof, and this Security Agreement shall be construed as if such invalid, illegal or unenforceable provision had not been contained herein.

IX. Release of Security Interest

(a) If there are no outstanding Obligations hereunder or (b) if Debtor has entered into one or more working capital credit facility secured by all or a portion of Debtor's assets, then Secured Party shall, at Debtor's request, execute and deliver to Debtor all instruments and other documents as may be necessary or proper to release the lien on and security interest in the Collateral that has been granted hereunder and file UCC Termination Statements required to terminate any UCC Financing Statements filed in connection with this Agreement.

IN WITNESS WHEREOF, Debtor has executed this Security Agreement as of the date indicated above.

DEBTOR NAME

BY: _____ (Signature and Title) RAVI IYENGAR, CEO

BY: _____ (Signature and Title)

ACCEPTED at AUSTIN, TX this 3rd day of MARCH, 20 14.

SECURED PARTY NAME Future Electronics Corp

BY: _____ Charles R. Dinovo, Regional Credit Manager (Signature and Title)
Charles L. Dinovo

| Additional corporate, partnership, doing business, trade and individual names. (Attach if more than 2) | Additional Locations of Collateral (Attach if more than 4) |
|---|---|
| NATIONAL CIRCUIT ASSEMBLY (Contract Mfr) | SUITE 500, 5812 TRADE CENTER DR |
| | 1. Address |
| | AUSTIN TX 78744 |
| | City, State, Zip |
| AUTOMATED CIRCUIT DESIGN (Contract Mfr) | 1250 AMERICAN PKWY |
| | 2. Address |
| | RICHARDSON TX 75081 |
| | City, State, Zip |
| | 3. Address |
| | City, State, Zip |
| | 4. Address |
| | City, State, Zip |

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
(800) 826-5256 UCC Division

B. E-MAIL CONTACT AT FILER (optional)
ucc@ncscredit.com  DE SOS

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
NCS UCC Services Group
PO Box 24101
Cleveland, OH 44124
USA
(800) 826-5256

Delaware Secretary of State
File Number: 20140899773
File Date: 03/07/2014 03:06 PM
(This document was electronically filed)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: Cointerra, Inc.
OR
1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

1c. MAILING ADDRESS: 11130 Jollyville Road, Suite 303 | CITY: Austin | STATE: TX | POSTAL CODE: 78759 | COUNTRY: USA

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME:
OR
2b. INDIVIDUAL'S SURNAME: Iyengar | FIRST PERSONAL NAME: Ravi | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

2c. MAILING ADDRESS: 11130 Jollyville Road, Suite 303 | CITY: Austin | STATE: TX | POSTAL CODE: 78759 | COUNTRY: USA

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: Future Electronics Corp.
OR
3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

3c. MAILING ADDRESS: 41 Main Street | CITY: Bolton | STATE: MA | POSTAL CODE: 01740 | COUNTRY: USA

4. COLLATERAL: This financing statement covers the following collateral:
To secure payment and performance of the Obligations Debtor hereby grants to Secured Party a continuing purchase money security interest in all inventory, equipment, and goods including all embedded and non-embedded software manufactured by or distributed by Secured Party, whenever sold, consigned or delivered, directly or indirectly, to or for the benefit of Debtor by Secured Party, wherever located, now owned and hereafter acquired including but not limited to all various electronic components, and all accessions and products, and accessories, supplies and parts including repossessions and returns; and all proceeds from the sale thereof; all documents including books and records; and all existing or subsequently arising, accounts and accounts receivable, and supporting obligations which may from time to time hereafter come into existence during

Please see attached Addendum Form(s) for Additional Collateral

**EXHIBIT B**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being adm...
6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility  6b. Check... ☐ Agricultural Lien ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:
UCC# U150144

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)  International Association of Commercial Administrators (IACA)

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME: **Cointerra, Inc.**

OR 9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR 10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral): the term of this Security Agreement. Secured Party™s purchase money security interest is explicitly limited to outstanding obligations between Secured Party and Debtor.

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT: ☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)