IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re: | § |
| | § Chapter 7 |
| CoinTerra, Inc., | § |
| | § Case No. 15-10109-HCM |
| Debtor. | § |
| | § Related Dkt. No. 28 |

### OBJECTION OF OPEN-SILICON, INC.
### TO NOTEHOLDERS' MOTION FOR RELIEF FROM STAY

TO: THE HONORABLE H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE

Open-Silicon, Inc. ("OSI"), creditor and party-in-interest in the above-captioned chapter 7 case, by and through its undersigned counsel, hereby files its objection (this "Objection") to the *Motion for Relief from the Automatic Stay* [Dkt. No. 28] (the "Stay Relief Motion") filed by Fortis Advisors LLC, as Collateral Agent for the ratable benefit of the lenders under certain Transaction Documents[1] defined in the Cointerra, Inc. Security and Pledge Agreement and other applicable Transaction Documents (the "Collateral Agent"), and respectfully states as follows:

### BACKGROUND

1. OSI provides specialized ASIC (Application Specific Integrated Circuit) design and other leading-edge engineering and production services to the semiconductor industry.

2. On December 5, 2014, OSI filed a lawsuit against CoinTerra, Inc. (the "Debtor") in the California Superior Court for Santa Clara County (the "Action") seeking collection of approximately $12 million due and owing to OSI for products and services provided by OSI to

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the Stay Relief Motion.

the Debtor. The Action is captioned *Open-Silicon, Inc. v. CoinTerra, Inc.*, No. 1-14 CV 274079. The Debtor has not answered or otherwise responded to the Action, which is now stayed pursuant to section 362 of the Bankruptcy Code.

3. The Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 24, 2015.

4. By Order entered on February 25, 2015, the Court set May 27, 2015 as the bar date for filing proofs of claims in this Chapter 7 case. [Dkt. No. 24.]

5. On February 9, 2015, the Debtor filed its Schedules and Statement of Financial Affairs. [Dkt. No. 15.] The Debtor lists assets with a value of $14,096,255.44 and creditors holding secured claims in the amount of $6,494,744.85.

6. OSI is listed on Schedule F as holding a general unsecured claim in an amount "Unknown." [Dkt. No. 15, p.74.] OSI is informed and believes, on the basis of reviewing the Debtor's schedules and related disclosures, among other things, that OSI is the largest unsecured creditor of the Debtor. OSI holds claims in an amount of not less than $12 million for, *inter alia*, products and services provided by OSI to the Debtor as set forth in the Action.[2]

## THE STAY RELIEF MOTION

7. On March 19, 2015, Fortis Advisors LLC, as the Collateral Agent for the benefit of the holders (the "Noteholders") of certain Secured Convertible Notes issued by the Debtor in August and/or September 2014, filed the Stay Relief Motion. [Dkt. No. 28.] Pursuant to various agreements attached to the Stay Relief Motion, the Collateral Agent claims a security interest in virtually all assets of the Debtor except those assets that are subject to Future Electronics' prior purchase money security interest as to specific equipment and inventory. *Id.* ¶ 5. The Collateral

---

[2] OSI intends to file a proof of claim for no less than $12 million on or before the May 27, 2015 bar date.

Agent claims the amount owed by the Debtor to the Noteholders, as of the Petition Date, was $4,560,154.66. *Id.* ¶ 6.

## OBJECTIONS TO STAY RELIEF MOTION

### A. The Collateral Agent has failed to meet its burden under section 362(g).

8. A bankruptcy court may grant a creditor relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Although what constitutes "cause" for the purposes of modifying the automatic stay is not defined in the Bankruptcy Code, legislative history makes it clear that "cause" shall be determined on a case-by-case basis. H.R. REP. NO. 595, at 343-44 (1977); see also S. REP. NO. 989, at 52-53 (1978). *See also, e.g., Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) (in the context of a chapter 7 case).

9. The burden of demonstrating that cause to lift the stay is on the moving party. *See, e.g., In re Curtis*, 40 B.R. 795, 802 (Bankr. D. Utah 1984) (stating that under section 362(g) of the Bankruptcy Code, the party "who seeks relief from the automatic stay must, in the first instance, establish a legally sufficient basis, i.e., "cause," for such relief").

10. Section 362(g) of the Bankruptcy Code provides that the movant bears the burden of proof on the debtor's equity in the property. 11 U.S.C. § 362(g)(1).

11. The Collateral Agent seeks relief from the stay to foreclose on all "applicable" assets. Nowhere in the Stay Relief Motion does the Collateral Agent provide any evidence that the Debtor does not have any equity in the assets.

12. The Debtor's Schedules list assets of $14,096,255.44. The Collateral Agent asserts claims on behalf of Noteholders in the amount of $4,560,154.66. [Dkt. No. 15, p.1.] It is respectfully submitted that the Collateral Agent has failed to meet its burden under section 362(g)(1) of the Bankruptcy Code.

**B.     The Noteholders do not hold secured claims.**

13.     The Collateral Agent asserts that the Noteholders hold secured claims. This assertion is contrary to the express terms of the Secured Convertible Note annexed to the Stay Relief Motion and by the Debtor's Schedules.

14.     The Debtor lists the Noteholders' claims in its Schedules as "disputed." [Dkt. No. 15, pp. 13-22.]

15.     The Form of Note for the Secured Convertible Notes is attached to the Collateral Agent's Motion as a part of Exhibit A (Continued). [Dkt. No. 28-2, pp. 95-107.] Section 4.1 of the Form of Note provides that "[i]mmediately prior to, but in any event conditioned upon the consummation of a Corporate Event, the entire outstanding principal amounts payable under this Note, any accrued but unpaid interest and any other amounts payable under this Note shall be automatically converted into shares of Common Stock." *Id.* p. 99.

16.     "Corporate Event" is defined in Section 1.8 to include "any . . . Change of Control." *Id.* p. 97. "Change of Control" is defined in Section 1.2 to include "any liquidation, dissolution or winding up of the Company, whether voluntary or involuntary." *Id.*

17.     Debtor's filing of its voluntary Chapter 7 petition was a Change of Control within the meaning of the Secured Convertible Notes and triggered the automatic conversion under Section 4.1. By operation of the terms of the Notes, the interests of the Noteholders have been converted to common equity. As such, the Noteholders are not secured creditors and are not entitled to relief from the automatic stay.

### RESERVATION OF RIGHTS

18.     OSI hereby reserves and preserves all of its rights, remedies, and arguments in connection with this Objection and reserves all rights to supplement this Objection and to be

heard before the Court with regard to the arguments set forth in this Objection, as well as reserves the right to make any other applicable arguments and those other arguments raised in other objections and/or other joinders to objections raised by other parties with respect to the Stay Relief Motion.

WHEREFORE, OSI requests that the Court (i) deny the Collateral Agent's Stay Relief Motion and (ii) grant such other and further relief to OSI as is just and equitable.

Dated: April 2, 2015　　　　　　　　Respectfully submitted,

By:　/s/ Timothy R. Casey
**DRINKER BIDDLE & REATH LLP**
Timothy R. Casey (*pro hac vice* motion pending)
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Telephone: 312-569-1201
Facsimile: 312-569-3201
E-mail: Timothy.Casey@dbr.com

*Counsel for Open-Silicon, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Objection of Open-Silicon, Inc. to Noteholders' Motion for Relief from Stay* was served on April 2, 2015 (i) via operation of the CM/ECF System for the United States Bankruptcy Court for the Western District of Texas on all registered users thereof and (ii) via First Class Mail on the parties listed below.

Lynn Saarinen
BARRON & NEWBURGER, P.C.
1212 Guadalupe, Suite 104
Austin, Texas 78701

Randolph Osherow
342 W. Woodlawn, Suite 100
San Antonio, Texas 78212

CoinTerra, Inc.
11130 Jollyville Road, Suite 303
Austin, Texas 78759

Office of the U.S. Trustee
903 San Jacinto Blvd., Room 230
Austin, Texas 78701

Timothy A. Davidson, II
Andrews & Kurth L.L.P.
600 Travis, Suite 4200
Houston, Texas 77002

Automated Circuit Design
1250 American Pkwy.
Richardson, Texas 75081

Steve Turner
Barrett Daffin Frappier Turner & Engel, LLP
610 West 5th Street, Suite 602
Austin, Texas 78701

Laurence W. Goldberg
Director, Revenue Management
BDO USA, LLP
4135 Mendenhall Oaks Parkway, Suite 140
High Point, North Carolina 27265

E.P. Keiffer
WRIGHT GINSBERG BRUSILOW P.C.
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201

R. Adam Swick
Reid Colins & Tsai LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746

Kimberly A. Walsh
Assistant Attorney General
c/o Sherri K. Simpson, Paralegal
Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, Texas 78711-2548

Willard Proctor, Jr.
Willard Proctor, Jr., P.A.
2100 Wolfe Street
Little Rock, Arkansas 72202-6258

         /s/ Timothy R. Casey
         Timothy R. Casey