IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-10109-HCM |
| **COINTERRA, INC.** | § | |
| | § | Chapter 7 |
| **Debtor** | § | |

**MOTION TO APPROVE COMPROMISES WITH
FORTIS BENEFITS, LLC, AS COLLATERAL AGENT, C7 DATA CENTERS, INC.,
AND OPEN SILICON, INC., INCLUDING AUTOMATIC STAY MODIFICATIONS**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty-one (21) days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U. S. BANKRUPTCY JUDGE:

COMES NOW, Randolph N. Osherow, Chapter 7 Trustee ("**Trustee**") for CoinTerra, Inc. ("**Debtor**") and files this *Motion to Approve Compromises with Fortis Benefits, LLC, as Collateral Agent, C7 Data Centers, Inc., and Open Silicon, Inc., Including Automatic Stay Modifications* (the "**Collateral Agent**," "**C7**," and "**OSI**") (the "**Motion**") and in support thereof, would respectfully show as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief are 11 U.S.C. § 105(a) and Federal Bankruptcy Rule 9019.

## Background

2. On January 24, 2015 ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

*Collateral Agent and the Debtor*

3. On August 14, 2014, but effective as of August 1, 2014, Fortis Benefits, LLC, as Collateral Agent for the ratable benefit of the Lenders, entered into numerous agreements with Debtor, including: a) Collateral Agent Agreement; b) Secured Convertible Note Purchase Agreement; c) Security and Pledge Agreement; d) Intellectual Property Security Agreement; e) Guarantee, Pledge and Security Agreement; and f) Deposit Account Control Agreement, which cumulatively granted a security interest in virtually all of the Debtor's assets.

4. On August 4, 2014, Movant filed its UCC-1 with the Delaware Secretary of State, perfecting its security interest in the assets of the Debtor as listed in the documents described above. The Deposit Account Control Agreement was executed by and between the Collateral Agent, Bank of America, N.A., and the Debtor on or about October 15, 2014.

5. Just prior to the Petition Date, Debtor owed the Collateral Agent for the ratable benefit of the Lenders, $4,560,154.66. The Collateral Agent filed a proof of claim in the Bankruptcy Case (POC #44).

*C7 and the Debtor*

6. On or about April 9, 2014, C7 and Debtor entered into a Master Services Agreement and the accompanying Statement of Work (collectively the "**Contract**") wherein C7 was to provide colocation and hosting services as well as monitoring and management services to the Debtor. The Contract granted C7 a security interest in all of the Debtor's equipment,

among other items, which the Debtor put into service at C7's facilities in April of 2014 to secure all unpaid obligations that the Contract generated in favor of C7.

7. C7 and the Debtor were at odds shortly thereafter regarding compliance with and payment of obligations due to C7 by the Debtor. Such resulted in the Debtor's use of the machines at C7 being suspended and thereafter litigation was instituted by C7, pre-petition in state court in Utah, wherein C7 alleged significant sums were due to it for services rendered under the Contract. The Debtor has asserted a counter claim regarding C7's performance. C7 timely filed a proof of claim in the Bankruptcy Case (POC #91).

*OSI and the Debtor*

8. OSI provides specialized ASIC (Application Specific Integrated Circuit) design and other leading-edge engineering and production services to the semiconductor industry.

9. On December 5, 2014, OSI filed a lawsuit against CoinTerra, Inc. (the "Debtor") in the California Superior Court for Santa Clara County (the "Action") seeking collection of approximately $12 million due and owing to OSI for products and services provided by OSI to the Debtor. The Action is captioned *Open-Silicon, Inc. v. CoinTerra, Inc.*, No. 1-14 CV 274079. The Debtor has not answered or otherwise responded to the Action, which is now stayed pursuant to section 362 of the Bankruptcy Code. The Debtor had compiled a position paper as to its assertions of failures on OSI's part, but was not able to secure counsel, on a contingency fee basis, to pursue same. OSI filed a timely proof of claim in the Bankruptcy Case (POC#77).

*Events Which Generated These Compromises*

10. The Collateral Agent, on March 19, 2015, filed a Motion for Relief from the Automatic Stay [Docket #28] (the "**CA MLS**") to enable it to proceed to foreclose on its asserted collateral as to its proof of claim filed on March 18, 2015, as Claim #44.

11. Objections to the CA MLS were filed by OSI [Docket # 38] and by C7 [Docket # 39]. Thereafter, prior to the then set final hearing on the CA MLS, the Trustee, OSI, and C7 agreed to a partial lifting of the automatic stay to address the liquidation of the equipment and other items at the Debtor's office location in Austin, Texas, and how to hold the net proceeds after expenses of sale and the Bankruptcy Court entered an order approving that partial lifting of the automatic stay by agreement [Docket #44]. That online auction has been completed, accounting of the sales proceeds has been provided, and the net proceeds sent to the Collateral Agent's counsel per the just referenced order.

12. OSI's objection to the CA MLS, among other points, asserted that the Collateral Agent's secured claim detailed in the CA MLS was the subject of an automatic conversion clause which was triggered by the Debtor having filed this Chapter 7 proceeding, converting the Collateral Agent's secured claim to equity and thus was a basis to deny the CA MLS and to ultimately disallow any claim by the Collateral Agent.

13. C7's objection to the CA MLS nominally joined that of OSI and also asserted that it had a security interest with priority over the secured asserted by the Collateral Agent and that in light of the amounts it asserted it was owed and on account of C7's security interest perfection being achieved by possession, that the CA MLS should not determine relative priority as to the Debtor's property in C7's possession as between C7 and the Collateral Agent.

14. The Collateral Agent has made it known that it disputes OSI's contentions and argues that OSI's interpretation of the documents attached to the CA MLS is incorrect and that no event that could bring about the auto conversion clause has occurred nor been completed and that the clause is not being construed properly and in context of an admitted pre-petition default by the Debtor and resultant acceleration of the underlying debt. The Collateral Agent does acknowledge that C7's possession perfected security interest, assuming that it has an allowable claim in excess of the counterclaims asserted by the Debtor, would be superior in priority and that C7's rights to the collateral in C7's possession as well as those rights which may exist as to Future Electronics, Inc. ("**FE**"), holder of filed secured proof of

claim # 8 as to specific parts acquired by and through FE, has priority over the Collateral Agent's asserted secured claim.

15. The Trustee has reviewed the objections and contentions noted by OSI, C7, and the Collateral Agent and has taken into account what the CoinTerra Trustee has heretofore ascertained about the current value of the collateral being fought over by those parties, the circumstances attendant in the Bitcoin market and the general pace of change and improvements that are present with regard to Bitcoin mining machinery, and the extensive time and costs of litigation that will accompany a litigated resolution of these disputes and the attendant costly delay in converting the assets at issue to distributable funds.

16. The Trustee has determined that the hereinafter described resolutions are in the best interests of the CoinTerra Chapter 7 Estate and its various constituents and that each resolution falls within the reasonable range of probable resolutions that would likely result if litigation were to proceed as to same and particularly as to the Collateral Agent and any litigation conducted in accordance with the *Order Regarding Status Hearing on Motion for Relief from Stay Filed by Fortis Advisors, LLC* [Docket #50], particularly in light of the prospect that even after such initial phase determination by the Bankruptcy Court that there might not be a final and appealable decision as to the issues attendant.

## Description of Compromises

17. The Trustee asks the Court to approve the compromises between the Trustee and the Collateral Agent, the Trustee and C7, and the Trustee and OSI, as well as those agreements between the Collateral Agent and C7 as to priorities amongst those secured creditors. The proposed settlement will (i) eliminate costly and difficult litigation between the Trustee and the Collateral Agent relative to the issues which OSI asserts are material and to which the Collateral Agent asserts are without merit; (ii) enable liquidation of collateral in multiple locales by the Collateral Agent in a more swift and timely manner in light of the changes which often occur in the Bitcoin mining space; (iii) causes the Chapter 7 Estate to, without any significant cost risk, to participate in varying percentages as to the net recovery from multiple collateral pools as to which the Collateral Agent's secured claim attaches, both in this Chapter 7 as well

as in an operating Chapter 11 proceeding; (iv) result in approximately $35,000 in cash being deemed unencumbered and available for the benefit of the Chapter 7 Estate; (v) allows a claim for C7 and enables it to liquidate collateral in its possession, proceeds of which would be held until the claims of FE as to a lien on specific portions of the collateral C7 holds is addressed; and (vi) allows a claim for OSI and enables it to dispose of the nominal collateral (unfinished specialized ASIC chips) in its possession. The proposed settlement is set forth in the *Compromise and Settlement Agreement* (the "**Settlement Agreement**") attached hereto as Exhibit "A." The primary terms of the Settlement Agreement provide as follows:

   a. <u>Resolution of Disputes, Allowance of Claim of Collateral Agent, and Termination of Automatic Stay</u>.  The Collateral Agent's proof of claim #44, upon approval of this Agreement by the Bankruptcy Court, shall be: a) deemed allowed in the amount stated therein ($4,560,154.66) (hereinafter the "**CA's Allowed Claim**"); b) the security interests asserted are deemed to be valid and are only subject to priority assertions by other secured creditors in the case, both those resolved by order of this Court [Docket #27 as to the FEC/ACD PMSI Collateral] and those resolved herein as to C7; and c) the automatic stay as to the disposition of the collateral covered by the security interests held by the Collateral Agent shall be terminated.  In exchange for the allowance of the CA's Allowed Claim and determination that the security interests granted are valid and subsisting against the CoinTerra Chapter 7 Estate, subject to the priority issues just noted and the termination of the automatic stay, the Collateral Agent, who will retain control over the liquidation and conversion of all such property listed in this section into distributable funds (with input and after consultation with the Trustee), agrees to turnover immediately (but not later than 5 business days after receipt of such distributable funds) to the CoinTerra Trustee, for the ratable benefit of unsecured creditors (including holders of allowed administrative claims), the following:

      i. one third (1/3rd) of the net proceeds from the disposition of property to which the Collateral Agent's security interests, described in the Lenders' Claim, attaches, excluding cash and cash equivalents wherever held ("**Estate Cash**"), that the CoinTerra Chapter 7 Estate owns (save and except for what is described in b) below) and to which the Collateral Agent's security interest retains priority (specifically as to FE and C7);

      ii. three quarters (3/4ths) of the net proceeds from the disposition of property described in the Collateral Agent's Intellectual Property Security Agreement, described in the Lenders' Claim, wherever held;

    iii.    one fifth (1/5th) of the net proceeds of property as to which the Transaction Documents and Lenders' Claim may remain attached and to which it may have priority that is currently property of the Chapter 11 estate of AQH, LLC, Case No. 15-50553, pending before the Bankruptcy Court for the Northern District of California – San Jose Division; and

    iv.    thirty-five percent (35%) of Estate Cash.

As to all net proceeds described above, the actual costs, including reasonable attorney's fees and other expenses of the Collateral Agent as are reasonably necessary to liquidate or convert such property to distributable funds in accordance with otherwise applicable law, shall be charged against the gross recovery to which those costs specifically relate from and after the approval of the Agreement. Notwithstanding same, none of Collateral Agent's attorney's fees, costs, or expenses shall be charged as against Estate Cash (the $50,000 sum in the Collateral Agent's possession or control being acknowledged to be property of the CoinTerra Chapter 7 Estate) (collectively the "**CoinTerra Chapter 7 Estate's Retained Property Interest**"). The automatic stay pursuant to section 362 of the Bankruptcy Code shall be lifted to permit the Collateral Agent to liquidate property of the CoinTerra Chapter 7 Estate in accordance with this Agreement. The Lenders' Claim shall participate in distributions of whatever kind or nature made to holders of allowed unsecured claims from the CoinTerra Chapter 7 Estate, but the Lenders' Claim shall be reduced for purposes of any such distribution to 80% of the amount of the Lenders' Claim after crediting of any net recoveries from any of the four (4) subparts set forth in 1(a)-(d) above.

b.  <u>Resolution of Priority Issues as between the Collateral Agent and C7</u>. The Collateral Agent agrees that the CA's Allowed Claim is inferior in priority as to the property of the CoinTerra Chapter 7 Estate that is in C7's possession. To the extent that the proceeds of any liquidation or sale of the collateral in C7's possession is sold, the proceeds of such a sale will be subject to the provisions of 1a) above only to the extent that the proceeds exceed the amount of C7's hereinafter allowed claim. If C7's claim is not paid in full, none of the proceeds of the collateral in C7's possession will be subject to the provisions of 1a) above.

c.  <u>Agreement between the CoinTerra Trustee and C7 and OSI to Lift the Automatic Stay as to C7 and OSI's Security Interest</u>. The CoinTerra Trustee agrees to the entry of an order lifting of the automatic stay as to property of the CoinTerra Chapter 7 Estate in C7's and OSI's possession, to enable C7 and OSI to liquidate or otherwise convert such property to distributable funds. C7 shall retain such funds, subject to asserted priority secured claims of FE as to specific property.

d. <u>Resolution of Disputes and Allowance of Claims of C7</u>. C7 withdraws its objection to the CA MLS consistent with the terms of this Agreement. The C7 Claim shall be compromised and allowed as an under secured claim in the amount of $4,950,000 (the "C7 Allowed Claim") after consideration of both the payments made to C7 within 90 days of the Petition Date totaling $100,000 and subsequent new value provided by C7 to the Debtor's benefit in excess of $200,000 made after the date of such payment.

e. <u>Resolution of Disputes and Allowance of Claims of OSI</u>. OSI withdraws its objections to the CA MLS. The OSI Claim shall be compromised and allowed as a general unsecured claim in the amount of $11,500,000 (the "**OSI Allowed Claim**"). The Parties acknowledge and agree that (a) OSI incurred expenses after the Petition Date in investigating, preparing, and prosecuting the OSI Objection, and (b) that certain of such expenses were (i) actual and instrumental to the preservation of the CoinTerra Chapter 7 Estate and (ii) necessary and instrumental in enabling the CoinTerra Trustee to secure the benefits set forth in this Agreement. This Agreement and the settlement of the OSI Allowed Claim is without prejudice to, and OSI reserves the right to, file an administrative expense claim under sections 507(a)(2) and/or 503(b) of the Bankruptcy Code.

**Arguments and Authorities in Support of Compromises**

18. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. Rev. 1993)).

19. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); 11 U.S.C. § 1107. Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997).

20. A decision to accept or to reject a compromise or settlement is within the sound discretion of the Court. *See* 9 Collier on Bankruptcy at ¶ 9019.02. The settlement need not result in the best possible outcome for the estate but must not "fall beneath the lowest point in the range of reasonableness." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983)). Essential to the process of evaluating proposed settlements "is the need to compare the terms of the compromise with the likely rewards of litigation." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968).

21. To determine whether a settlement is fair and equitable, this Court should consider and evaluate the following factors: (a) the probability of success in the litigation, with due consideration for uncertainty in fact and law; (b) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; and (c) all other factors bearing on the wisdom of the compromise. See *Cajun Electric*, 119 F.3d at 356 (citations omitted). While a court must "evaluate...all...factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact....The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).

22. The court may give weight to the "informed judgments of the...debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert*

*Group,* 134 B.R. at 505 (internal citations omitted); see also *In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness").

23. The compromise described herein (as to which OSI's objections were necessary and instrumental to securing said compromise) satisfies the standards that the Fifth Circuit has established in *Cajun Electric*. The Trustee has concerns about the costs and benefits of having the issues raised by OSI litigated to a final and determinative conclusion. While OSI's position has appeal on its face, the argument provides for a draconian result with regard to the Collateral Agent's asserted secured claim of over $4,500,000. Such a win-or-lose-all battle, when there is no means to recover the costs of such effort if lost and which will surely take significant time and expense to complete, should be resolved in the exercise of the Trustee's business judgment.

24. Even though the Trustee asserts that it could sell all of the items at issue under section 363(f)(4), the Trustee's understanding of the market for the assets at issue indicates that such a fight will likely be over assets that will likely not justify the expenditures required to thereafter be able to disburse any significant amounts of money to creditors in this case from their liquidation or sale. The Debtor went through significant amounts of money during the year prior to its filing and has only nominally valuable equipment at multiple locations west of the Mississippi relative to the funds spent to show for it (estate causes of action notwithstanding). The Debtor has a significant amount of parts of nominal current value that it actually spent millions of dollars acquiring and yet never utilizing. While there is a technical appeal that OSI's position generates, the cost to secure a victory on same and the clear prospect of a very expensive and time-consuming fight with the Collateral Agent that has a huge prospect to swamp any recovery. That recovery comes not from the Collateral Agent, but rather from the collateral

at issue, the property of this estate. However, when coupled with the benefits of the proposal and this estate's nominal cost to participate in a portion of the liquidation conducted by the Collateral Agent, as well as participating in the rights which the Collateral Agent likely has as against third parties on account of its secured status (a status that this estate cannot match or emulate as the remedies are for secured creditors only) and which are to be shared with this estate, when all of those factors are brought to be this dispute clearly favors a negotiated resolution.

25. As to the settlements with C7 and OSI as to their respective claims, both resolutions are for amounts less than the amount of their asserted claims, which reductions were secured without any significant expenditure of funds by this estate to litigate the issues which the Debtor had had little success in pressing against either or was unable to find any counsel to take same on a contingency fee basis after being shopped by Debtor on a relatively aggressive basis. C7's possessory perfected, contractually granted security interest is not subject to attack by any of the Chapter 7 estate's avoidance powers. Payments to C7 within ninety (90) days of the Petition Date have been shown to be followed by extensions of subsequent new value in excess of those payments. OSI's security interest under UCC Article 2, with regard to the specially fabricated ASIC chips and other related items, is also not subject to attack by any of the Chapter 7 estate's avoidance powers.

26. The Trustee feels the allowances of claims, the detailed compromises, the sharing agreements with the Collateral Agent, and the modification of the automatic stay as to multiple parties (which the Trustee, as well as the affected parties to the Settlement Agreement assert should not be subject to the stay detailed per Rule 4001(a)(3) if the Motion is granted) are all in the best interests of the creditors of this estate.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


By: */s/ Steve Turner*
    Steve Turner
    Texas Bar No. 20341700
    610 West 5th Street, Suite 602
    Austin, Texas 78701
    Phone: (512) 687-2500
    Fax: (512) 477-1112
    SteveT@BDFGroup.com

ATTORNEYS FOR RANDOLPH N. OSHEROW,
CHAPTER 7 TRUSTEE


## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on the 9th day of June, 2015, a true and correct copy of the foregoing document was served upon the parties on the attached mailing matrix via electronic means as listed on the Court's ECF noticing system, by email (as indicated on the matrix) or by regular first class mail.

    */s/ Steve Turner*
    Steve Turner

| | | |
|---|---|---|
| ERIC PETERSON<br>156 PARK DR<br>EASTCHESTER NY 10709-5109 | MICHAEL VICK<br>C/O WILLARD PROCTOR JR<br>ATTORNEY LAW LAW<br>2100 WOLFE ST<br>LITTLE ROCK AR 72202 | FUTURE ELECTRONICS CORP<br>C/O LYNN SAARINEN<br>BARRON & NEWBURGER PC<br>1212 GUADALUPE STE 104<br>AUSTIN TX 78701 |
| BDO USA LLP<br>ATTN LAURENCE W GOLDBERG<br>DIRECTOR REVENUE MGMT<br>4135 MENDENHALL OAKS PKWY<br>STE 140<br>HIGH POINT NC 27265-8143 | WALTER THAMM<br>ALBRECHTSTRASSE 1<br>D-88316 ISNY IM ALLGAEU<br>GERMANY 88316<br>w.thamm@gmx.net | FORTIS ADVISORS LLC AS CA<br>C/O E P KEIFFER<br>WRIGHT GINSBERG BRUSILOW PC<br>325 N ST PAUL ST STE 4150<br>DALLAS TX 75201 |
| C7 DATA CENTERS INC<br>C/O R ADAM SWICK<br>REID COLLINS & TSAI LLP<br>1301 S CAPITAL OF TX HWY<br>BLDG C STE 300<br>AUSTIN TX 78746 | TEXAS COMPTROLLER<br>C/O KIMBERLY A WALSH AAG<br>C/O SHERRI K SIMPSON PARALEGAL<br>BANKRUPTCY & COLLECTIONS DIV<br>PO BOX 12548<br>AUSTIN TX 78711-2548 | OPEN-SILICON INC<br>C/O TIMOTHY R CASEY<br>DRINKER BIDDLE & REATH LLP<br>191 N WACKER DR STE 3700<br>CHICAGO IL 60606-1698 |
| BCF LLP<br>1100 RENE LEVESQUE BLVD W<br>25TH FL<br>MONTREAL QUEBEC CA H3B-5C9<br>martine.samuel@bcf.ca | ZACHARY CULLEN<br>8268 MAN O WAR RD<br>PALM BEACH GARDENS FL 33418 | MCGRATH RENTCORP<br>DBA TRS-RENTELCO<br>PO BOX 619260<br>DFW AIRPORT TX 75261 |
| SEBASTIAN TARACH<br>MILA 11<br>DZIEKANOW LESNY<br>POLAND 05-092<br>sebastian.tarach@gmail.com | TEKHNE LLC<br>21725 SW 187 AVE<br>MIAMI FL 33170 | BRETT HANSMEIER<br>100 OLD RIVER RD STE 100<br>ANDOVER MA 01810 |
| FUTURE ELECTRONICS CORP<br>41 MAIN ST<br>BOLTON MA 01740 | JASON KUSUMA<br>2315 EASTRIDGE AVE APT 714<br>MENLO PARK CA 94025 | KIT HUI<br>16912 NE 107TH ST<br>REDMOND WA 98052 |
| MARK KIM<br>3427 RIDGE RD<br>LANSING IL 60438 | CHRISTOPHER SNOOK<br>25457 SE 42ND PL<br>ISSAQUAH WA 98029 | RYAN JAUREGUI<br>14272 CAMERON LN<br>SANTA ANA CA 92705 |
| YEWULSEW AMARE<br>8328 TRIBUTE LN<br>LAS VEGAS NV 89147 | AFZAL AHMED<br>66A ROBERT FORD RD<br>WATERTOWN MA 02472 | BEN HENNEMAN<br>1 THE COURTYARD<br>GAS STREET BIRMINGHAM<br>WEST MIDLANDS<br>GREAT BRITAIN B1 2JT<br>ben@stunn.co.uk |
| MATTHEW KNIGHT<br>9 HARRISON CLOSE<br>BRANSTON STAFFORDSHIRE<br>GREAT BRITAIN DE14 3EF<br>mattkn@hotmail.co.uk | JOHN DURCAN<br>G09 A POWER ROAD STUDIOS<br>114 POWER ROAD<br>CHISWICK LONDON<br>GREAT BRITAIN W4 5PY<br>john@hotcow.co.uk | ARROW ELECTRONICS INC<br>C/O NAC RISK RECOVERY<br>7459 S LIMA ST<br>ENGLEWOOD CO 80112 |
| VIRITON LLP<br>15070 E WAGONTRAIL PL<br>AURORA CO 80015 | AUSTIN FOAM PLASTICS INC<br>ATTN GRETCHEN SHIPMAN<br>2933 A W GRIMES BLVD<br>PFLUGERVILLE TX 78660-5292 | JAN TURZA<br>BEETHOVENOVA 10<br>NITRA SLOVAK REPUBLIC 94911<br>jan.turza@gmail.com |

BRIAN CHASE
445 AULDON CT SE
SMYRNA GA 30082

ELIRAN ITZHAKI
5 LANDAU APT 7
RAMAT GAN ISRAEL 52282
lalo.tfg@gmail.com

KEVIN SCHMITZ
SALWEIDENBECKE 21
BOCHUM GERMANY 44894
schmitz86@gmail.com

CADENCE DESIGN SYSTEMS INC
C/O COMMERCIAL COLLECTION CON
16830 VENTURA BLVD STE 620
ENCINO CA 91436

ERICK ARGUETA
7601 E TREASURE DR APT 1107
NORTH BAY VILLAGE FL 33141

CHUNLIU SHEN
56 FFORDD DRYDEN KILLAY
SWANSEA WALES
GREAT BRITIAN SA2 8PP
xandsuk@hotmail.com

WILLIAM GASKINS
734 – 15TH ST NW STE 1200
WASHINGTON DC 20005

TOM BELANGER
515 DU PARC INDUSTRIEL
LONGEUIL QC CANADA J4H 3V7
tbelanger@saic.ca

SEAN SADEL-STEVENS
4885 BURDE ST
PORT ALBERNI BC CANADA V9Y 3J7
c6number2@gmail.com

GABRIEL POLITZER
491 ARVIDA PKWY
MIAMI FL 33156

NAMPIL CHOUSEIN
I STAIKOU 2
AGRINIO AITOLOAKARNANIA
GREECE 30100
nabilhussein1@hotmail.com

BILL CHOW
19745 COLIMA RD STE 1-128
ROWLAND HEIGHTS CA 91748

MIQUEL AXEL ESTELRICH RULLAN
C SEBASTIA RUBI 3A
MANACOR PM SPAIN 7500
saucraban@gmail.com

INDIUM CORPORATION OF AMERICA
ATTN   LINDA HILL
34 ROBINSON RD
CLINTON NY 13323

KOURNIKOV ANDREI DAPFOR
18 ALLEE DE LA PAGERIE 92500
RUEIL MALMAISON FRANCE
akournikov@gmail.com

MARTIN NACHEV
DEFENCE CLOSE
FLAT 57 HILL HOUSE
LONDON LONDON
GREAT BRITIAN SE28 0NQ
mnachev1@gmail.com

RAMAKANTH GOURU
12881 DEER PARK LN
ALPHARETTA GA 30004

WILSON SONSINI ET AL
650 PAGE MILL RD
PALO ALTO CA 94304-1050

TEXAS WORKFORCE COMM
REGULATORY INTEGRITY DIV – SAU
101 E 15TH ST RM 556
AUSTIN TX 78778-0001

P R C FERNANDO
VIALE IGNAZIO SILONE 187,35A
ROME ITALY 00143
ruwa777@gmail.com

ERIC NYDEGGER
TORRY 5
GRANGES-PACCOT FR
SWITZERLAND 1763
eric@nydegger.biz

GLYN LEWIS
26320 GRANT AVE
MAPLE RIDGE BC CANADA V2W 1H2
glyn@superlewis.com

STUART CABORN
5 KNIGHTSBRIDGE DR
HEADLEY THATCHAM
HAMPSHIRE GREAT BRITIAN RG19 8JZ
stuart.caborn@gmail.com

COINTERRA INC
MEHDI SOLEIMANKHANI
1249 – 15TH ST
LOS OSOS CA 93402

ERIC CONKLE
915 S DALEY
MESA AZ 85204

MICHAEL VICK
1512 S BATTERY ST
LITTLE ROCK AR 72202

MIKULAS KISS
DURCANSKEHO 1
NITRA SLOVAK REPUBLIC 94901
mikulas.kiss@gmail.com

NATHAN DAVIS
7514 SHERMAN DR
LINCOLN NE 68134

BRENDAN MURRAY
11 BRIDGE ST
HAMILTON NSW AUSTRALIA 2303
ecflux@gmail.com

STANLEY WING HONG LEUNG
448 PRINCE EDWARD RD WEST
PRINCE RITZ 10/F BLOCK C
HONG KONG KOWLOON HONG KONG
stanley.leung@fitflop.com

| | | |
|---|---|---|
| LAUTARO CLINE<br>C/O DANIEL M COYLE<br>ASTIGARRAGA DAVIS ET AL<br>1001 BRICKELL BAY DR 9TH FL<br>MIAMI FL 33131 | JOSHUA JONG<br>6 DUNNOCK PL<br>WIDEOPEN NEWCASTLE UPON TYNE<br>TYNE AND WEAR NE13 6LE<br>UNITED KINGDOM<br>joshuajong@outlook.com | HEIKO JUCH<br>AM ZOLLSTOCK 16<br>OBERSUELZEN GERMANY 67271<br>hjuch@hotmail.com |
| MICHAEL POOLMAN<br>18 HAMPTON CLOSE<br>CADBURY HEATH<br>BRISTOL AVON<br>GREAT BRITAIN BS30 8EY<br>mpoolman@hotmail.com | MR BALBIR<br>AKA BILL CHEPAL<br>8042 COOPERHAWK COURT<br>SURREY BC CANADA V3W 0V1<br>b.d.chepal@shaw.ca | QUAIL ELECTRONICS<br>2171 RESEARCH DR<br>LIVERMORE CA 94550 |
| J NOS RICHTER<br>RAUMERSTR 38<br>BERLIN GERMANY 10437<br>janos.richter@me.com | MIKLOS GAEBLER<br>WAGNERSTRASSE 6666<br>POTSDAM GERMANY 14480<br>miklos.gaebler@gmx.net | DAVID G P ALLAN<br>90 WINCHESTER ST<br>TORONTO ON CANADA M4X 1B2<br>davidgpallan@gmail.com |
| JESSICA IERACI<br>PIAZZA SANT' AMBROGIO 06<br>MISINTO<br>MONZA E BRIANZA ITALY 20826<br>manuel.online1919@gmail.com | DIRAN MARTIN YOUSOUFIAN<br>MORENO 1183<br>4TO "A"  CP 2000<br>ROSARIO SANTA FE ARGENTINA AK 1-1<br>dmy@areacocotrosario.com.ar | SHU DONG<br>120 HAVENUEN BLUFF<br>ALPHARETTA GA 30022 |
| MICHAEL PEACOCK<br>14D PARLIAMENT ST<br>LOWER HUTT<br>NEW ZEALAND 5010<br>michaelnz@msn.com | UNITED PARCEL SERVICE<br>C/O RECEIVABLE MGMT SERVICES<br>PO BOX 4396<br>TIMONIUM MD 21094 | COINTERRA INC<br>11130 JOLLYVILLE RD STE 303<br>AUSTIN TX 78759<br>(RETURNED AS UNDELIVERABLE) |
| TIMOTHY A DAVIDSON II<br>ANDREWS KURTH LLP<br>600 TRAVIS STE 4200<br>HOUSTON TX 77002 | OFFICE OF THE U S TRUSTEE<br>903 SAN JACINTO BLVD STE 230<br>AUSTIN TX 78701 | RANDOLPH N OSHEROW<br>CHAPTER 7 TRUSTEE<br>342 W WOODLAWN STE 100<br>SAN ANTONIO TX 78212 |
| INFINITI INVESTORS LLC<br>ATTN  SHIVA DHANAPAL<br>3050 AUTUMN HILL TR<br>NEW ALBANY IN 47111 | INFINITI INVESTORS LLC<br>C/O ADAM PUGH<br>SLATER PUGH LTD LLP<br>8400 MOPAC EXPY STE 100<br>AUSTIN TX 78759 | CENTURYLINK TECHNOLOGY SOLUTIONS<br>C/O KURT F GWYNNE<br>REED SMITH LLP<br>1201 N MARKET ST STE 1500<br>WILMINGTON DE 19801 |
| CENTURYLINK COMMUNICATIONS LLC<br>C/O DAVID F BROWN<br>EWELL BROWN & BLANKE LLP<br>111 CONGRESS AVE 28TH FL<br>AUSTIN TX 78701 | CENTURYLINK LAW DEPT<br>ATTN  MITCHELL W KATZ<br>1801 CALIFORNIA ST 9TH FL<br>DENVER CO 80202 | KASSITE LIMITED<br>LITTLEMORE PARK ARMSTRONG RD<br>OXFORD OX4 4FY<br>UNITED KINGDOM<br>info@kassite.co |
| KYLE ASKINE<br>13804 CLARKWOOD LN<br>LAUREL MD 20707 | REGAL RESEARCH AND MFG CO LLC<br>C/O ROBERT PALMER<br>FOX ROTHSCHILD LLP<br>5420 LBJ FRWY STE 1200<br>DALLAS TX 75240 | OPEN-SILICON INC<br>ATTN  JAY VYAS SR VP AND CFO<br>490 N MCCARTNEY BLVD STE 220<br>MILPITAS CA 95035 |
| DONALD CROCK<br>204 OVERLOOK DR<br>KENT OH 44240 | GUILHERME CHERMAN PERDIGAO DE OLIVEIRA<br>RUA ALMIRANTE GUILOBEL 110 408<br>RIO DE JANEIRO RJ BRAZIL CEP 22471-150<br>RIO DE JANEIRO RI 22471-150<br>kiko@cherman.com.br | SHARON BOONE<br>37543 ENGLAND WAY 221<br>RED DEER COUNTY AB<br>CANADA T4W 2C3<br>sharonjboone@gmail.com |

MICHAEL DENHAM
PO BOX 420
WEST MILTON PA 17886

LASZLO TUKACS
RIM U 3
BUDAPEST BU HUNGARY 1183
laszlo.tukacs@gmail.com

VLADIMIR ZDOROV
3762 FIRPOINTE ST
SAN RAMON CA 94582

MICHAEL DIEMER
25 W PERRY ST
WILLARD OH 44890

WILLIAM GASKINS
734 – 15TH ST NW STE 1200
WASHINGTON DC 20005

BO YANG
6 VALERIE AVE
JERICHO NY 11753

BOGDAN BIVOLARU
TRAIAN POPOVICI NR 89
BLOCK B10 6TH FL APT 38
BUCHAREST ROMANIA 31422
bogdan.bivolaru@gmail.com

OMNI LOGISTICS
15912 INTERNATIONAL PLAZA DR
HOUSTON TX 77032

QUENTIN GOMEZ JR
4254 DERBY DR
DAVIE FL 33330

IMPALA LTD
ROOM 1617-18 STAR HOUSE
3 SALISBURY RD
TST KOWLOON
HONG KONG
preukschat_alex@hotmail.com

ALI ABDULSATTAR AL BESHRI
C/O EMIR MANSOURI
PO BOX 3459
DOHA QATAR
rula.algazawl@gmail.com

JOHN KELLY
1101 NE 109TH ST
MIAMI FL 33161

B F T J JESPERS
LINUS PAULINGWEG 12
THE NETHERLANDS (HOLLAND)
ROTTERDAM AR 3069-NM
bftj.jespers@gmail.com

PIETRO BRIVIO
VIA IV NOVEMBRE 51 SCALA
AMERATE LOMBARDIA ITALY 23807
pedro.brivio@gmail.com

KELLEY BRITENBAKER
701 BOULDER BLVD
SAN MARCOS TX 78666-8347

FEDEX TECHCONNECT INC
ATTN REVENUE RECOVERY/BKY
3965 AIRWAYS BLVD MODULE G 3RD FL
MEMPHIS TN 38116

VENUGOPAL BADARAVADA
360 BELL ST SOUTH UNIT 515
OTTAWA ON CANADA K1S 5E8
bitcows@gmail.com

ANDREWS KURTH LLP
ATTN TIMOTHY A DAVIDSON II
600 TRAVIS STE 4200
HOUSTON TX 77002

UNITED PARCEL SERVICE INC
C/O ALSTON & BIRD LLP
ATTN BOWEN SHOEMAKER
1201 W PEACHTREE ST
ATLANTA GA 30309-3424

UPS SUPPLY CHAIN SOLUTIONS INC
C/O ALSTON & BIRD LLP
ATTN BOWEN SHOEMAKER
1201 W PEACHTREE ST
ATLANTA GA 30309-3424

GRZEGORZ SAGANSKI
MUCHOBORSKA 8
WROCLAW POLAND 54-424
grzegorz_saganski@fastmail.fm

YIMIN WANG
QINGTIEJIAYUAN QINGLONGCHANG
ROOM 51 UNIT 4 OF BLDG 8
CHENGDU CHENGHUA CN24
CHINA 610066
acsonic@163.com

DOUGLAS WALL
3 ROLLESBY ST HOON HAY
CHRISTCHURCH CT
NEW ZEALAND 8025
flamegrilledmonkey795@gmail.com

WEI CAO
LANE 300 WU NING RD
ROOM 403 NO 21
SHANGHAI CN10 CHINA 200063
15900959911@163.com

JOSTON PINTO
1921 CALIFORNIA ST APT 18
MOUNTAIN VIEW CA 94040

THIJS VAN DEN BERG
JOHANNES WORPSTRAAT 49 III
AMSTERDAM NETHERLANDS 1076BG
t.berg15@chello.nl

TUUR DIRK DEMEESTER
220 N ZAPATA HWY #11
PMB #851A
LAREDO TX 78043-4464
tuurdemeester@gmail.com

MARC DELGADO
C/O JASON M MEDLEY
LECLAIR RYAN PC
1233 WEST LOOP S STE 1000
HOUSTON TX 77027

SYNOPSYS INC
C/O PETRA M REINSCKE
SCHWARTZ & CERA LLP
201 CALIFORNIA ST STE 450
SAN FRANCISCO CA 94111

JAKUB HODAN
VRESKOVICE 78
VRESKOVICE CZECH REPUBLIC 33401
jakubhodan@seznam.cz

HANNACOTT SA
C/O STEVE SKARNULIS
CAIN & SCARNULIS
400 W 15TH ST STE 900
AUSTIN TX 78701

MATTIA BALDINGER
ZUNZGERSTRASSE 24
SISSACH SCHWEIZ
SWITZERLAND 4450
mattia.baldinger@gmail.com

APPLIED CIRCUIT TECHNOLOGY INC
C/O MARK RALSTON
FISHMAN JACKSON PLLC
THREE GALLERIA TOWER
13155 NOEL RD STE 700
DALLAS TX 75240

PANOS SKALTSAS
ALIKARNASSOU 24
NEA SMYRNI ATTICA GREECE 17122
pskalts@gmail.com

CHRISTIAN SPRAJC
NIEDERDONKER STR 34
GERMANY
DSSELDORF AK 40547
sprajc@powerfolder.com

MICHAEL DELGADO
11755 SW 18TH ST APT 407
MIAMI FL 33175

ANDREW WALDORF
6300 E HAMPDEN AVE APT 3230
DENVER CO 80222