DECLARATION OF BENNETT W. LASKO
IN SUPPORT OF APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM

1. I am an attorney representing Open-Silicon, Inc. in connection with this bankruptcy case. I make this Declaration in support of the Application of Open-Silicon, Inc. for Administrative Expense Claimed filed on April 15, 2016.

2. At all relevant times through April 30, 2016, I was a partner in the law firm of Drinker Biddle & Reath LLP, where I had principal responsibility for the representation of Open-Silicon in connection with this bankruptcy case.[1] While at Drinker Biddle, my responsibilities in connection with this matter included reviewing time records and invoices for all of the work performed by Drinker Biddle attorneys and other professionals (such as paralegals) in connection with this matter. In addition, I reviewed the invoices, time entries and work descriptions from Gardere Wynne Sewell LLP.

3. The team responsible for this bankruptcy case at Drinker Biddle initially consisted of myself, bankruptcy partner Timothy Casey, and bankruptcy paralegal Daniel Northrop. Shortly after Fortis Benefits, LLC ("Fortis") filed its Motion for Relief from the Automatic Stay (the "Stay Relief Motion"), Mr. Casey had a previously scheduled hip-replacement surgery and became unavailable or substantially unavailable for approximately two weeks. At that time, an additional bankruptcy partner, Michael Pompeo, became involved in this case.

4. Drinker Biddle charged Open-Silicon its normal hourly billing rates for the work performed by me, Mr. Casey, Mr. Pompeo, and Mr. Northrop in connection with this case. Specifically, those hourly billing rates were as follows:

---

[1] On May 1, I opened my own law firm, Lasko Legal Services Ltd.

|                  |           |
|------------------|-----------|
| Bennett Lasko    | $ 650.00  |
| Timothy Casey    | $ 650.00  |
| Michael Pompeo   | $ 600.00  |
| Daniel Northrop  | $ 310.00  |

5. I have reviewed Drinker Biddle's detailed time records of work performed in connection with preparing Open-Silicon's Objection and the subsequent negotiation and drafting of the terms for compromise and settlement that were incorporated in the Trustee's motion to approve compromises under Bankruptcy Rule 9019 filed on June 9, 2015, and approved by the Court on July 14, 2015.

6. My review of the detailed time records indicates that Mr. Casey, Mr. Pompeo, Mr. Northrop and I performed at least 16.4 hours of work in reviewing the Stay Relief Motion and related documents (specifically, the various agreements between CoinTerra and the Noteholders represented by Fortis), identifying the grounds for Open-Silicon's Objection to the Stay Relief Motion, related legal research and analysis, and preparing the Objection. At the billing rates set forth above, Drinker Biddle charged Open-Silicon $ 9,341.00 for this 16.4 hours of work.

7. Several days after Open-Silicon filed its Objection to the Stay Relief Motion, Fortis advised Open-Silicon that it intended to proceed with an evidentiary hearing on the Objection on April 13, 2015. On April 10, 2015, the Court held a telephonic status hearing with counsel for the Trustee, Fortis, Open-Silicon and at least one additional party and ruled that the Court would not conduct an evidentiary hearing on April 13.

8. My review of the detailed time records indicates that Mr. Casey, Mr. Pompeo, Mr. Northrop and I performed at least 20.5 hours of work between April 7 and April 10 to respond to Fortis' demand for an evidentiary hearing, prepare for the potential hearing, prepare for the telephonic status conference and participate in the telephonic status conference. At the billing

rates set forth above, Drinker Biddle charged Open-Silicon $ 12,798.00 for this 20.5 hours of work.

9. After the telephonic status conference on April 10, 2015, we participated in extensive negotiation among ourselves (on behalf of Open-Silicon), counsel for Fortis, counsel for the Trustee, and counsel for other creditors that had appeared in the matter (including Future Electronics, Inc. and C7 Data Centers, Inc.). Ultimately, these negotiations led to the settlement that is reflected in the Trustee's motion to approve compromises pursuant to Rule 9019 and approved by the Court.

10. My review of the detailed time records indicates that Mr. Pompeo and I performed in excess of 21.4 hours of work between April 16 and June 9, 2015 to negotiate and document the agreement reflected in the Rule 9019 Settlement. At the billing rates set forth above, Drinker Biddle charged Open-Silicon $ 13,150.00 for this 21.4 hours of work.

11. The sum of the amounts charged by Drinker Biddle for the work described above is $35,289.00.

12. In addition to the foregoing, in early April 2015, Open-Silicon retained Marcus Helt of Gardere Wynne Sewell LLP to serve as local counsel and provide other expertise and assistance. Gardere Wynne Sewell LLP's invoices indicate that Mr. Helt and others at his firm charged Open-Silicon at least $8,160.00 for 17.4 hours of work on the issues described above relating to Open-Silicon's Objection and the Rule 9019 Settlement between April and July 15, 2015.

13. Open-Silicon will make copies of the relevant invoices and detailed time entries reflecting the time and charges described above available to counsel for inspection upon their request, subject to agreement to appropriate confidentiality protections.

Pursuant to 28 U.S.C. § 1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Bennett W. Lasko

Dated: May 10, 2016

Gardere01 - 8684273v.2