**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| COINTERRA, INC., | § § | CASE NO. 15-10109-HCM |
| DEBTORS. | § § § | CHAPTER 7 |
| | | |
| RANDOLPH N. OSHEROW, CHAPTER 7 TRUSTEE, | § § § § | |
| Plaintiff, | § § | ADVERSARY NO. |
| v. | § § | _____ |
| NBCN, Inc., | § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Randolph N. Osherow, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Cointerra, Inc, files his complaint (the "Complaint") to avoid and recover transfers pursuant to chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code"), and for the other and further relief requested herein. The grounds for this Complaint are as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(a), and the standing order of reference in this district. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3. The Trustee is the duly appointed chapter 7 Trustee for the Bankruptcy Estate of Cointerra, Inc. (the "Debtor"), and has statutory authority and standing to bring each of the claims herein.

4. The Defendant shall be served with process pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-judicial Documents in Civil or Commercial Matters (the "Convention") by transmission of the summons and complaint to the designated Central Authority in Quebec, Canada, Direction des services professionnels Entraide international Ministere de la Justice, Contact person: Manon Durand, Pierre-Luc Gagne, 1200, route de l'Eglise, 2e etage, Quebec (Quebec) G1V 4M1, Canada, for service in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention, with service ultimately made upon Patrick Primerano, its President and CEO, or David Tasker, its COO, at 1010 De La Gauchetiere West, Mezzanine 100, Montreal, QC H3B 5J2.

## FACTS COMMON TO ALL COUNTS

5. On January 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. The Court established May 27, 2015, as the general deadline for filing certain proofs of claim ("Bar Date") against the Debtor and the Bankruptcy Estate.

7. In the course of the Trustee's review of the Debtor's books and records, the Trustee has determined that the Defendant was the recipient and/or beneficiary of transfers from the Debtor in an amount totaling not less than $39,331.53 (the "Transfers") made on or about November 10, 2014.

## COUNT I

### PREFERENCE 11 U.S.C. § 547

8. The allegations contained in paragraphs 1 through 7 are incorporated by reference as if fully set forth herein.

9. During the ninety (90) day period preceding the Petition Date, the Debtor transferred its property to the Defendant through the payment of money by checks or wire transfers in the aggregate amount of $39,331.53.

10. The Transfers constitute transfers of an interest of the Debtor in property.

11. The Transfers were to or for the benefit of a creditor of the Debtor.

12. The Transfers were made for or an on account of an antecedent debt owed from the Debtor to Defendant before such Transfers were made.

13. At the time the Transfers were made the Debtor was insolvent.

14. The Transfers were made on or within ninety (90) days before the Petition Date.

15. The Transfers enabled the Defendant to receive more than the Defendant would have received if this case was filed under chapter 7 of the Bankruptcy Code, if the Transfers had not been made, and if the Defendant had received payment of the to the extent and priority provided by the Bankruptcy Code.

16. The Transfers are avoidable under 11 U.S.C. § 547(b).

## COUNT II

### RECOVERY OF TRANSFERS 11 U.S.C. § 550

17. The allegations contained in paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. The Defendant was the initial transferee of the Transfers, or was the person for

whose benefit such transfers were made, or the Defendant was the immediate or mediate transferee of the initial transferee or beneficiary of such transfers.

19. The Trustee can recover the Transfers from the Defendant, plus interest thereon to the date of payment and the costs of this action under 11 U.S.C. § 550.

WHEREFORE, the Trustee requests that the Court enter Judgment: (i) avoiding and setting aside the Transfers; (ii) allowing recovery of the Transfers from the Defendant; (iii) granting judgment against the Defendant in an amount equal to the Transfers, plus interest and costs; and (iv) providing such other and further relief as is just.

Date: June 28, 2016

Respectfully submitted,

KELL C. MERCER, P.C.
1602 E. Cesar Chavez Street
Austin, Texas 78702
(512) 627-3512
(512) 597-0767 (fax)

By: */s/ Kell C. Mercer*
Kell C. Mercer
State Bar No. 24007668
kell.mercer@mercer-law-pc.com

ATTORNEY FOR PLAINTIFF

**FORM 1040 (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Randolph N. Osherow, Chapter 7 Trustee | **DEFENDANTS** NBCN, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Kell C. Mercer, Kell C. Mercer, P.C., 1602 E. Cesar Chavez Street, ATX 78702; (512) 627-3512 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Action to recovery preferential transfers. Bankruptcy Code Sections 547 and 550.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 39,331.53 |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>In re Cointerra, Inc. | | BANKRUPTCY CASE NO.<br>15-10109-HCM |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District, Texas (Bankr.) | DIVISIONAL OFFICE<br>Austin | NAME OF JUDGE<br>Judge Mott |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 6/28/16 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *[signature]* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.