# SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") by and between Randolph N. Osherow, Trustee ("Trustee") for the bankruptcy estate of Cointerra, Inc., and CoolIT Systems Inc. ("CoolIT," and together with the Trustee, the "Parties"), sets forth the terms upon which the Parties have agreed to settle the matter described below.

## RECITALS

**WHEREAS**, on January 24, 2015 (the "Petition Date"), Cointerra, Inc., (the "Debtor") filed a voluntary petition for relief (the "Chapter 7 Case") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court"), assigned Bankruptcy Case No. 15-10109-HCM; and

**WHEREAS**, on the Petition Date Randolph N. Osherow was appointed the Trustee for the Chapter 7 Case; and

**WHEREAS**, on June 28, 2016, the Trustee commenced an adversary proceeding against CoolIT styled as *Randolph N. Osherow, Trustee for the Bankruptcy Estate of Cointerra, Inc., vs. CoolIT, LLC* (Adv. Case No. 16-1057) (the "Avoidance Action), which sought avoidance pursuant to chapter 5 of the Bankruptcy Code of certain alleged transfers from the Debtor to CoolIT in the aggregate amount of $43,584.00 (the "Transfers"); and

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, intending to be legally bound hereby, it is stipulated and agreed by and between the Parties as follows:

1. This Settlement Agreement is expressly contingent upon approval by the Court. In the event the Court does not approve this Settlement Agreement, it shall be null and void and without effect.

2. The recitals set forth above are incorporated herein by reference.

3. In full and final settlement and satisfaction of any claims or causes of action of the Trustee and the bankruptcy estate of the Debtor against CoolIT, including, without limitation, the Avoidance Action, CoolIT shall pay, as consideration for this settlement, the amount of $21,792.00 (the "Settlement Sum"). Within fifteen (15) days of the entry of a final order approving this Settlement Agreement by the Court and following execution of this Settlement Agreement by both Parties within the same fifteen (15) day period, CoolIT shall transmit the Settlement Sum in good funds made payable to the order of "RANDOLPH N. OSHEROW, TRUSTEE FOR THE COINTERRA, INC., BANKRUPTCY ESTATE," and such check shall be delivered to Kell Mercer, Counsel to the Trustee of the Bankruptcy Estate of Cointerra, Inc.,

100157988_1

1602 E. Cesar Chavez Street, Austin, Texas 78702. Within five (5) business days of the receipt by Trustee's counsel of the Settlement Sum (the "Effective Date"), the Trustee shall dismiss the Avoidance Action with prejudice, with each Party to bear his and its own costs.

4. Upon receipt of the Settlement Sum, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges CoolIT, and each and every past and present officer, director, shareholder, affiliate, subsidiary, related entity, employee, agent, servant, representative, attorney, successor in interest and assignee of CoolIT, from any and all claims, claims for relief, actions, causes of action, suits, debts, liens, contracts, obligations, agreements, promises, representations, liabilities, demands, damages, losses, costs, and expenses (including attorney's fees) of every kind or nature, whether known or unknown, joint or several, fixed or contingent, including without limitation the Avoidance Action and any and all causes of action under chapter 5 of the Bankruptcy Code, which Trustee may have had, may now have, may claim to have, or may hereafter have or claim to have against CoolIT or any of the other persons hereby released.

5. Except as set forth in paragraph 6 herein, CoolIT hereby releases, acquits and discharges the Trustee and the bankruptcy estate of the Debtor of and from any and all claims, claims for relief, actions, causes of action, suits, debts, liens, contracts, obligations, agreements, promises, representations, liabilities, demands, damages, losses, costs, and expenses (including attorney's fees) of every kind or nature, whether known or unknown, joint or several, fixed or contingent, including without limitation with respect to the Avoidance Action, which CoolIT may have had, may now have, may claim to have, or may hereafter have or claim to have against the Trustee or any of the other persons hereby released.

6. Pursuant to this Settlement Agreement, CoolIT shall be granted an allowed claim against the Debtor's estate pursuant to § 502(h) in an amount equal to the Settlement Sum—to wit: $21,792.00. The Order approving this Settlement Agreement shall be sufficient to entitle CoolIT to such allowed claim without the need for filing a proof of claim.

7. Nothing contained herein shall be deemed an admission of liability on the part of the Trustee or CoolIT.

8. The Parties acknowledge that this Settlement Agreement is a compromise of the Avoidance Action and any additional claims or causes of action that the Debtor or the Trustee may have against CoolIT and that CoolIT does not admit any liability on its part, and the Trustee denies the defenses asserted by CoolIT.

9. Each person signing this Settlement Agreement represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or respective client or clients on whose behalf this Settlement Agreement is executed to the terms and conditions of this

100157988_1

Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by the Settlement Agreement.

10. The Parties represent and acknowledge that, in executing the Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

11. The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

12. The Parties represent that all parties which must be notified of the terms of this settlement have been properly notified.

13. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against either of the Parties.

14. Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, such parts, terms or provisions shall be deemed not to be part of this Settlement Agreement and the remainder of the Settlement Agreement shall remain enforceable.

15. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

16. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by both of the Parties.

17. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their successors, administrators and assignees, including without limitation any successor trustee named or appointed with respect to the Debtor.

18. This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

100157988_1

| | |
|---|---|
| **RANDOLPH N. OSHEROW, TRUSTEE FOR THE BANKRUPTCY ESTATE OF COINTERRA, INC.** | **COOLIT SYSTEMS INC.** |
| | By: _____ |
| _____ Randolph N. Osherow | Name: _____ |
| | Title: _____ |

100157988_1