**SETTLEMENT AGREEMENT**

This settlement agreement (the "Settlement Agreement") by and between Randolph N. Osherow, Trustee ("Trustee") for the bankruptcy estate of Cointerra, Inc. and TierPoint, LLC ("TierPoint," and together with the Trustee, the "Parties"), sets forth the terms upon which the Parties have agreed to settle the matter described below:

**RECITALS**

**WHEREAS**, on January 24, 2015 (the "Petition Date"), Cointerra, Inc. (the "Debtor") filed a voluntary petitions for relief (the "Chapter 7 Case") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court"), assigned Bankruptcy Case No. 15-10109-hcm; and

**WHEREAS**, on January 24, 2015, Randolph N. Osherow was appointed the Trustee for the Chapter 7 Case; and

**WHEREAS**, on June 28, 2016, the Trustee commenced an adversary proceeding with the Court by filing a complaint against TierPoint styled as *Randolph N. Osherow, Trustee for the Bankruptcy Estate of Cointerra, Inc. vs. TierPoint, LLC* (Adv. Case No. 16-01052-hcm) (the "Avoidance Action") which sought avoidance pursuant to chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") of certain alleged transfers from the Debtor to TierPoint in the aggregate amount of $87,600.00 (the "Transfers"); and

**WHEREAS**, TierPoint denies any liability on account of the Avoidance Action; and

- 1 -

- 2 -

**WHEREAS**, to avoid the costs, delays and risks of continued litigation, the Parties have determined to resolve their disputes on the terms of and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, intending to be legally bound hereby, it is stipulated and agreed by and between the Parties as follows:

1. The recitals set forth above are incorporated herein by reference.

2. In full and final settlement and satisfaction of any claims or causes of action of the Debtor against TierPoint, including, without limitation, the Avoidance Action, TierPoint shall pay, as consideration for this settlement, the amount of $5,000.00 (the "Settlement Sum"). Within fifteen (15) days of entry of a final order approving this Settlement Agreement by the Court and following execution of this agreement by both Parties within the same fifteen day period, TierPoint shall transmit the Settlement Sum by check made payable to the order of "RANDOLPH N. OSHEROW, TRUSTEE FOR THE COINTERRA, INC. BANKRUPTCY ESTATE," and such check shall be delivered to Kell Mercer, Counsel to the Trustee of the Bankruptcy Estate of Cointerra, Inc., 1602 E. Cesar Chavez Street, Austin, Texas 78702. Upon counsel to Trustee's receipt of the Settlement Sum (the "Effective Date"), the Trustee shall dismiss the Avoidance Action with prejudice, without costs to either Party.

3. Upon the Trustee's receipt of the Settlement Sum in good funds, the Trustee, on behalf of the Trust and the Debtors' estates, hereby releases, acquits and discharges TierPoint, and each and every past and present officer, director, shareholder, affiliate, subsidiary, related entity, employee, agent, servant, representative, heir, attorney, successor in

- 2 -

interest and assign of TierPoint, from any and all claims, claims for relief, actions, causes of actions, suits, debts, liens, contracts, obligations, agreements, promises, representations, liabilities, demands, damages, losses, costs, and expenses (including attorney's fees) of every kind or nature, whether known or unknown, joint or several, fixed or contingent, including, without limitation the Avoidance Action and any causes of action under Chapter 5 of the Bankruptcy Code, which Trustee may have had, may now have, may claim to have, or may hereafter have or claim to have against TierPoint or any of the other persons hereby released herein.

4. Pursuant to this Settlement Agreement, TierPoint shall be granted an allowed claim against the Debtors' estates pursuant to 11 U.S.C. § 502(h) of the Bankruptcy Code in an amount equal to the Settlement Sum (the "502(h) Claim").

5. Nothing contained herein shall be deemed an admission of liability on the part of the Trustee or TierPoint.

6. The Parties acknowledge that this Settlement Agreement is a compromise of the Avoidance Action and any additional claims or causes of action that the Debtor may have against TierPoint and that TierPoint does not admit any liability on its part, and the Trustee denies the defenses asserted by Tierpoint.

7. Each person signing this Settlement Agreement represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients on whose behalf this Settlement Agreement is executed to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

8. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

9. The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

10. The Parties represent that all parties which must be notified of the terms of this settlement have been properly notified.

11. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

12. Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, such parts, terms or provisions shall be deemed not to be part of this Settlement Agreement and the remainder of the Settlement Agreement shall remain enforceable.

13. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

- 5 -

14. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the parties.

15. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns, including, without limitation, any successor trustee named or appointed with respect to the Debtor.

16. This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

- 6 -

Dated: January ___ , 2017

| **RANDOLPH N. OSHEROW, TRUSTEE FOR THE BANKRUPTCY ESTATE OF COINTERRA, INC.** <br><br> _____ | **TIERPOINT, LLC.** <br><br> By: _____ <br><br> Name: _____ <br><br> Title: _____ |