IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re* | § | |
| | § | |
| **COINTERRA. INC.,** | § | **CASE NO. 15-10109-HCM** |
| | § | |
| *Debtor.* | § | **Chapter 7** |

PLAINTIFF CHAPTER 7 TRUSTEE'S MOTION
FOR APPROVAL, PURSUANT TO FED.R.BANKR.P. 9019, OF COMPROMISE
WITH ANDREWS KURTH KENYON LLP

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW, RANDOLPH N. OSHEROW, the duly appointed Chapter 7 trustee in the above-styled and numbered bankruptcy case (the "Trustee"), and files this, his Motion for Approval, Pursuant to Fed. R. Bankr. P. 9019, of Compromise with Andrews Kurth Kenyon LLP (the "Motion") and in support shows the following.

BACKGROUND

**THE RECITATION OF FACTS AND STATEMENTS CONTAINED IN THIS MOTION REPRESENT THE VIEWS OF TRUSTEE ONLY AND NOT THOSE OF ANDREWS KURTH**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

1

2. The Trustee has observed and investigated that Andrews Kurth Kenyon LLP ("Andrews Kurth") received the total aggregate sum of $145,000.00 from the Debtor within the 90 day period prior to filing the above styled and numbered bankruptcy case (the "Transfers"). The Trustee has discussed the facts and circumstances of the transfers with Andrews Kurth, and whether a portion of the transfers may be avoidable pursuant to chapter 5 of the Bankruptcy Code (the "Avoidance Action"). Andrews Kurth has responded to all of the Trustee's inquiries and expressly disputes that any of the Transfers are avoidable under any factual or legal basis. Andrews Kurth held a retainer sufficient to cover most of the payments received in the preference period. As such, Andrews Kurth was secured to the amount of the retainer and did not receive more than it would have in a Chapter 7 case for those such payment. Andrews Kurth has also provided, informally, information in support of its ordinary course, subsequent new value, and contemporaneous exchange defenses. Given the cooperation and information provided by Andrews Kurth, the Trustee has not filed an adversary proceeding regarding the transfers.

3. In order to avoid the risk, time and expense of litigation, if any, the Trustee and the Andrews Kurth have agreed, subject to bankruptcy court approval, to settle the Avoidance Action by the immediate lump sum payment by the Defendant of $10,000.00 to the Trustee. The parties shall execute mutual global releases in connection with the settlement. The terms of the settlement and these releases are set forth in detail in the mutual release and settlement agreement between the Trustee and the Defendant (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit "A."

4. Federal Rule of Bankruptcy Procedure 9019(a) allows a debtor to seek approval of a settlement affecting the bankruptcy estate. The decision whether or not to approve a particular settlement lies within the discretion of the Bankruptcy Court. *Am. Can Co. v. Herpel (In re*

*Jackson Brewing Co.),* 624 F.2d 605, 607 (5th Cir. 1980). "A proposed settlement must be 'fair and equitable' and in the best interests of the estate." *The Cadle Co. v. Moore (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010) (citing *Jackson Brewing*, 624 F.2d at 608). The Trustee is of the opinion that the proposed settlement described above and in the Agreement is both fair and equitable and in the best interest of the bankruptcy estate and its creditors, and should therefore be approved.

5. Settlements and compromises are a "normal part of the bankruptcy process." *Id*. at 424 (quoting *Case v. Los Angeles Lumber Products Co*., 308 U.S. 106, 130 (1939)). They are "desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *In re Jackson Brewing Co*., 624 F.2d 599, 602 (5th Cir. 1980). "It must be remembered that the evaluation of any lawsuit is quite problematic and calls for a significant degree of speculation." *In re Texas Extrusion Corp*., 844 F.2d 1142, 1159 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). A reviewing court will uphold the approval of a settlement if it is the result of "an adequate and intelligent consideration of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's estate caused by delay, and the fairness of the terms of the settlement." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 309 U.S. 414, 434 (1968).

6. The parties to the Agreement believe that a consideration of the factors set forth in *TMT Trailer Ferry*, 390 U.S. at 425, and in Fifth Circuit cases such as *Jackson Brewing Co*., supports approval of the proposed settlement. In particular, the Fifth Circuit Court of Appeals has held that, in deciding whether to approve a settlement, courts should evaluate and set forth in a comprehensive fashion the following factors, "with a focus on comparing 'the terms of the

3

compromise with the likely rewards of litigation.'" *In re Age Refining, Inc.*, 801 F.3d 530, 540 (5th Cir. 2015), quoting *Jackson Brewing Co.*, 624 F.2d at 602.

> Factor 1: the probability of success in litigation, with due consideration for the uncertainty in fact and law;
>
> Factor 2: the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay;
>
> Factor 3: all other facts bearing on the wisdom of the compromise.

*Id.* The bankruptcy court's duty is to determine whether the value to the estate of the proposed settlement is reasonably equivalent to the value of the potential claim that the estate gives up in settlement. *In re Energy Co-op, Inc.*, 886 F.2d 921, 929 (7th Cir. 1989). The court need not conduct a mini-trial to determine the probable outcome of the litigation, but need only apprise itself of the relevant facts and law so that it can make an informed and intelligent decision. *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop., Inc.*), 119 F.3d 349, 356 (5th Cir. 1997). The Trustee submits that the proposed settlement is the best interest of the bankruptcy estate because it results in a fair and equitable compromise after consideration of the aforementioned factors.

7. **The probability of success, with due consideration for the uncertainty in fact and law.** There is a substantial risk that the outcome would not be favorable to the Trustee should the Trustee bring an Avoidance Action regarding the Transfers. Andrews Kurth has demonstrated its defenses are strong. The settlement is in line with the recovery, if any, the Trustee could obtain if an Avoidance Action was brought.

8. **The complexity and likely duration of litigation and any attendant expense, inconvenience, and delay.** While the litigation would not necessarily be overly complex or lengthy, the risk that the issue may be decided against the Trustee substantially outweighs those

4

factors. When that risk is considered, the expense, inconvenience and delay, including the cost and effort of collecting from the out-of-state Defendant, are substantial and so weigh in favor of approval of the settlement.

9. **All other factors bearing on the wisdom of the settlement.** One of such other factors, the Fifth Circuit has held, is "the paramount interest of creditors with proper deference to their reasonable views." *Age Refining, Inc.*, 801 F.3d at 540 n.28, citing *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The settlement results in the immediate availability to the estate of funds. In the Trustee's experience, the avoidance of delay is of paramount importance to creditors in Chapter 7 cases. In particular, a number of other preference and other actions to recovery property and enhance this estate are pending in this Chapter 7 case. The case is almost two years old. There is value to the creditors in the efficient disposition of the suits.

10. The Trustee and the Defendant are each represented by experienced counsel. The proposed settlement is the product of their assessment of their respective cases and of arm's length, good faith negotiations between the parties. In the Trustee's judgment, having litigated and settled numerous suits such as the Avoidance Action, the settlement is fair and equitable. *See In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D. N.Y. 1991) (The court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise.") (internal citations omitted); *see also In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D. N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness."). Accordingly, the Trustee requests the Court to approve this compromise.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests the Court to approve the settlement described herein and in the attached Exhibit "A," and to grant such other and further relief as to which the Trustee may show himself justly entitled.

        Respectfully submitted,

        KELL C. MERCER, P.C.
        1602 E. Cesar Chavez Street
        Austin, Texas 78702
        (512)627-3512 / (512)597-0767 (fax)
        kell.mercer@mercer-law-pc.com

        By: */s/ Kell C. Mercer*
            Kell C. Mercer
            State Bar No. 24007668

        LITIGATION COUNSEL FOR THE TRUSTEE

**CERTIFICATE OF SERVICE**

    I, Kell C. Mercer, hereby certify that on January 13, 2017, a true and correct copy of the foregoing Motion was served on the persons named on the attached list, by the methods indicated and at the addresses listed.

        */s/ Kell C. Mercer*
            Kell C. Mercer