IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NO. 15-10109-HCM |
| COINTERRA, INC. | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**SUMMARY OF FIRST AND FINAL APPLICATION OF
BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP,
ATTORNEYS FOR THE CHAPTER 7 TRUSTEE,
FOR PAYMENT OF FEES AND EXPENSES**

I. **CLIENT:** Randolph N. Osherow, Trustee

II. **APPLICANT:** Barrett Daffin Frappier Turner & Engel, LLP
3809 Juniper Trace, Suite 205
Austin, Texas 78738
Phone: (512) 687-2502
Fax: (512) 477-1112
Email: SteveT@BDFGroup.com

III. **TOTAL FEES REQUESTED:**

Applicant is requesting first interim approval of fees of $27,565.00 and expenses of $457.47 for the period from February 9, 2015, through January 31, 2017.

IV. **BREAKOUT OF FEES AND EXPENSES FOR FEBRUARY 9, 2015, THROUGH JANUARY 31, 2017:**

| NAME/CAPACITY: | HOURS | RATE/HOUR | TOTAL FEE |
|---|---|---|---|
| Steve Turner, Attorney | 73.40 | $350.00 | $25,690.00 |
| Marsha Kocurek, Paralegal | 15.00 | $125.00 | $1,875.00 |
| TOTAL FEES: | | | $27,565.00 |

MINIMUM FEE INCREMENTS: The lowest fee increment is 0.10 hour.

EXPENSES: $457.47

FEES ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION: $1,062.50

**V.     OTHER CO-EQUAL ADMINISTRATIVE CLAIMANTS IN THIS CASE:**

To the best of its knowledge, Applicant is not aware of any co-equal or superior administrative claimants in this case whose fees and expenses have not already been approved by the Court and paid, other than Trustee, special counsel, and Trustee's accountant. Trustee has informed Applicant that the assets of the Estate are sufficient to pay all administrative claims in this case.

**VI.     RESULTS OBTAINED:** Applicant was required to conduct legal research and factual investigations into the matters presented by the cryptocurrency and payment system of Bitcoins. Applicant further was involved in investigating why the debtor lost millions of dollars loaned to the debtor by Fortis Advisors LLC ("Fortis") as secured creditor. Further, Applicant was required to investigate and negotiate with the various secured creditors' regarding their motions for relief from automatic stay in their attempt to foreclose on the debtor's furniture, fixtures, computers, monitors, numerous terraminers and other intellectual property.

Applicant was further instrumental in researching active insurance policies and obtaining a refund of unearned premium payments totaling $30,619.00.

Applicant was also involved in negotiating with Fortis, and other parties, which resulted in the retention of approximately $35,000.00 of the cash in the trust account plus a percentage of any amount received by Fortis if Fortis is able to find and sell any additional assets of the debtor. To the Trustee's knowledge, Fortis continues to search for assets of the Debtor which are strewn across the country.

Lastly, Applicant was instrumental in researching possible chapter 5 causes of action against the debtor's creditors and attorneys. Demand letters were sent to approximately ten (10) parties whereby Applicant, on behalf of the estate, demanded the return of payments made during the preference period. Applicant negotiated one settlement with the law firm of Andrews & Kurth, LLP, for the sum of $10,000.00. Thereafter, the Trustee employed Kell Mercer, Esq. as special counsel to resolve the remaining preference matters.

**VII. OTHER FACTS TO BE CONSIDERED:**

None. This Fee Application is not in excess of the rates set out in the Court's suggested rate guidelines.

          Respectfully submitted,

          BARRETT DAFFIIN FRAPPIER
          TURNER & ENGEL, LLP

          By: */s/ Steve Turner*
             Steve Turner
             State Bar No. 20341700
             3809 Juniper Trace, Suite 205
             Austin, Texas 78738
             Phone: (512) 687-2502
             Fax: (512) 477-1112
             SteveT@BDFGroup.com

          ATTORNEYS FOR RANDOLPH N. OSHEROW,
          CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NO. 15-10109-HCM |
| COINTERRA, INC. | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**FIRST AND FINAL APPLICATION OF
BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP,
ATTORNEYS FOR THE CHAPTER 7 TRUSTEE,
FOR PAYMENT OF FEES AND EXPENSES**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty-one (21) days from the date of service, the relief requested herein may be granted without a hearing being held. A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U. S. BANKRUPTCY JUDGE:

COMES NOW Barrett Daffin Frappier Turner & Engel, LLP ("Applicant"), attorneys for Randolph N. Osherow, Trustee ("Trustee"), the chapter 7 trustee in the above-captioned and numbered bankruptcy case, and files this its *First and Final Application for Payment of Fees and Expenses* ("Fee Application"), requesting approval of fees of $27,565.00 and expenses of $457.47 for the period from February 9, 2015, through January 31, 2017. In support thereof, Applicant would respectfully show the Court the following:

**FACTUAL BACKGROUND**

1. Cointerra, Inc. ("Debtor") filed a chapter 7 petition on January 24, 2015. On the same day, Randolph N. Osherow was appointed as trustee and continues to act in that capacity.

2. The Court authorized Applicant to act as general counsel for Trustee by and through its Order Approving Employment of Attorney docketed on March 31, 2015 [Docket No. 33].

3. This Fee Application seeks approval of fees of $27,565.00 and expenses of $457.47 from February 9, 2015, through January 31, 2017.

4. Applicant is a limited liability partnership law firm. Steve Turner is licensed in the State of Texas, in the United States District Courts, and in the United States Bankruptcy Courts in Texas. Applicant's office is located at 3809 Juniper Trace, Suite 205, Austin, Texas 78738.

5. Applicant has made the required disclosures provided by law.

6. To the best of its knowledge, Applicant is not aware of any co-equal or superior administrative claimants in this case whose fees and expenses have not already been approved by the Court and paid, other than Trustee, special counsel, and his accountant. Trustee has informed Applicant that the assets of the Estate are sufficient to pay all administrative claims in this case.

7. All professional services for which an allowance is requested were performed by Applicant for an on behalf of Trustee and not on behalf of any other entity or any other person.

8. No agreement or understanding exists between Applicant and any other person with respect to sharing the compensation to be allowed by Applicant for services rendered or to be rendered in connection with this case.

9. No funds have been received post-petition by Applicant for services rendered in this case. No promises have been made for the compensation of Applicant, other than to pay reasonable compensation for its services.

10. The specific services rendered on Trustee's behalf for the period from February 9, 2015, through January 31, 2017, are set forth in detail on the itemized billing statement which is attached hereto as Exhibit "A" and incorporated herein by reference for all purposes. Also attached to this Fee Application as Exhibit "B" is a breakdown by time of the various matters handled by Applicant. Applicant seeks compensation at the rates shown on the *Summary of First and Final Application of Barrett Daffin Frappier Turner & Engel, LLP, for Payment of Fees and Expenses* ("Summary of Fee Application") filed simultaneously herewith.

**COMPENSATION AND EXPENSES REQUESTED**

11. This Fee Application seeks approval of fees of $27,565.00 and expenses of $457.47 from February 9, 2015, through January 31, 2017.

**JUSTIFICATION OF REQUESTED AMOUNTS**

12. Various standards have been considered by the courts in awarding compensation in bankruptcy cases, including those set forth in *In re First Colonial Corporation of America,* 544 F2d 1291 (5th Cir. 1977), cert. den. 41 U.S. 904 (1977) and *Johnson v. Georgia Highway Express, Inc.*, 488 F2d 714 (5th Cir. 1974). Consideration of these standards follows:

    (a) <u>Time and Labor Required</u>. Applicant has spent a fair amount of time on this case.

    (b) <u>Novelty and Difficulty of the Questions</u>. This case contained several novel issues of law. The Debtor was a telecommunications company providing telecommunications services as a competitive local exchange carrier ("CLEC") which in itself brings novel issues of law.

    (c) <u>Skill Required to Perform the Services Properly</u>. This case required the skill of persons with specialized knowledge of corporate law, bankruptcy law, and basic litigation.

    (d) <u>Preclusion of Other Employment</u>. Representation of the Trustee has precluded legal assistants and attorneys from working on other matters during the pendency of the case.

    (e) <u>Customary Fees</u>. The customary fees for Applicant attorneys and legal assistants are $125.00 – $350.00 for all attorneys and $125.00 per hour for legal assistants. Time billed in this case is $350.00 per hour for attorneys and $125.00 per hour for legal assistants. Applicant believes that the rates billed are just and reasonable.

    (f) <u>Whether Fee is Fixed or Contingent</u>. Applicant's fees are based on fixed hourly rates, but Applicant's ability to receive its fee is contingent upon prevailing in this matter and the availability of funds in the Debtor's estate.

(g)     Time Limitations.  Applicant was not subjected to unusual time limitations. However, Applicant was required to immediately locate and take possession of assets of the estate.

(h)     Amount Involved and Result Obtained.  Applicant was required to conduct legal research and factual investigations into the matters presented by the cryptocurrency and payment system of Bitcoins.  Applicant further was involved in investigating why the debtor lost millions of dollars loaned to the debtor by Fortis Advisors LLC ("Fortis") as secured creditor.  Further, Applicant was required to investigate and negotiate with the various secured creditors regarding their motions for relief from automatic stay in their attempt to foreclose on the debtor's furniture, fixtures, computers, monitors, numerous terraminers, and certain intellectual property.

Applicant was further instrumental in researching active insurance policies and obtaining a refund of unearned premium payments totaling $30,619.00.

Applicant was also involved in negotiating with Fortis and other parties, which resulted in the retention of approximately $35,000.00 of the cash in the trust account plus a percentage of any amount received by Fortis if Fortis were able to find and sell any additional assets of the debtor.  To the Trustee's knowledge, Fortis continues to search for assets of the Debtor which are strewn across the country.

Lastly, Applicant was instrumental in researching possible chapter 5 causes of action against the debtor's creditors and attorneys.  Demand letters were sent to approximately ten (10) parties whereby Applicant, on behalf of the estate, demanded the return of payments made during the preference period.  Applicant negotiated one settlement with the law firm of Andrews & Kurth, LLP, for the sum of $10,000.00.   Thereafter, Trustee employed Kell Mercer, Esq. as special counsel to resolve the remaining preference matters.

(i)     Experience, Reputation and Ability.  The principal attorney for Trustee has had extensive experience in bankruptcy law and has practiced and has published and lectured

extensively in these areas. The firm's bankruptcy legal assistant has a total of over 30 years of bankruptcy experience as a chapter 7 trustee and a legal assistant for Applicant. Applicant believes that the result in this case could not have been obtained but for the experience, skill, and expertise of the attorneys and legal assistants principally involved.

(j) <u>Undesirability of the Case</u>. The undesirability of this case was primarily that this matter was taken on by Applicant on a contingent basis. Therefore, unless Applicant was successful in his representation of the chapter 7 Trustee, there would have been no proceeds from which pay Applicant or the creditors.

(k) <u>Award in Similar Cases.</u> The Court is best qualified to compare this case with similar cases and the awards in those cases. Applicant feels that the compensation sought is lower than awards in similar cases, especially in light of the successful result in this case.

(l) <u>Prior Fee Applications.</u> None.

(m) <u>Source of Compensation.</u> All compensation received or to be received by Applicant will be paid by the Trustee.

(n) <u>Other Administrative Claims.</u> To the best of its knowledge, Applicant is not aware of any co-equal or superior administrative claimants in this case other than the Trustee, special counsel, and his accountant. The Trustee has informed Applicant that the assets of the Estate are sufficient to pay all administrative claims in this case.

(o) <u>Nature and Length of Professional Relationship with Client</u>. Steve Turner, a partner with Applicant, has represented Randolph N. Osherow, the Chapter 7 Trustee, on numerous matters since June 1994.

**OTHER FACTORS**

13. None. This Fee Application is not in excess of the rates set out in the Court's suggested guidelines.

14. To the best of its ability, Applicant has identified the professional services provided. All professional fees and expenses incurred were necessary and reasonable costs incident to the performance of Applicant's services for Debtor. Applicant feels the time expended is fair and reasonable in light of its responsibilities as counsel for the Trustee and the legal results achieved. Accordingly, Applicant believes that all of the foregoing factors clearly justify the fees and expenses requested herein.

WHEREFORE, PREMISES CONSIDERED, Applicant, Barrett Daffin Frappier Turner & Engel, LLP, attorneys for the chapter 7 Trustee, prays for allowance of all fees and expenses as set out herein, in the total amount of $27,565.00 in fees and $457.47 in expenses, and for such other relief, both legal and equitable, general or special, to which Applicant may show itself justly entitled.

Respectfully submitted,

BARRETT DAFFIIN FRAPPIER
TURNER & ENGEL, LLP

By: */s/ Steve Turner*
Steve Turner
Texas Bar No. 20341700
3809 Juniper Trace, Suite 205
Austin, Texas 78738
Phone: (512) 687-2502
Fax: (512) 477-1112
SteveT@BDFGroup.com

ATTORNEYS FOR RANDOLPH N. OSHEROW,
CHAPTER 7 TRUSTEE

CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on the 31st day of January, 2017, a true and correct copy of the foregoing document was served upon the parties on the attached mailing matrix via electronic means as listed on the Court's ECF noticing system or by regular first class mail, postage prepaid.

*/s/ Steve Turner*
Steve Turner