IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re* | § | |
| | § | |
| **COINTERRA. INC.,** | § | **CASE NO. 15-10109-HCM** |
| | § | |
| *Debtor*. | § | **Chapter 7** |

**CHAPTER 7 TRUSTEE'S MOTION
FOR APPROVAL, PURSUANT TO FED.R.BANKR.P. 9019, OF COMPROMISE
WITH KALARA LAW CORPORATION, DEFENDANT
IN ADVERSARY PROCEEDING NO. 16-01055-HCM**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

COMES NOW, RANDOLPH N. OSHEROW, the duly appointed Chapter 7 trustee in the above-styled and numbered bankruptcy case (the "Trustee"), and files this, his Motion for Approval, Pursuant to Fed. R. Bankr. P. 9019, of Compromise with Kalara Law Corporation Defendant in Adversary Proceeding No. 16-1055 (the "Motion") and in support shows the following.

BACKGROUND

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference in this District. Under 28 U.S.C. § 157(b)(2)(A), (F) and (O) this is a core proceeding.

1

2. Trustee is the plaintiff in Adversary Proceeding No. 16-1057 (the "Avoidance Action") filed against defendant Kalara Law Corporation (the "Defendant"). The Trustee in the Avoidance Action seeks avoidance and recovery under 11 U.S.C. §§ 547 and 550 of payment(s) totaling $12,000.00 (the "Transfers") made to Defendant by Cointerra, Inc., the debtor in this Chapter 7 case (the "Debtor").

3. Defendant has not filed an answer in the Avoidance Action. The Clerk has entered default. A Motion for Default Judgment is pending. To the knowledge of the Trustee, the Defendant has no defenses in the Avoidance Action. The proposed settlement would allow the Trustee, on behalf of the bankruptcy estate, to recover the entire amount of the Transfers in two installments, in March and May of 2017, without further action or expense on collection efforts.

4. In order to avoid cost and delay of collection expense, the Trustee has agree to accept full repayment of the Transfers in exchange for signing a broad general release in favor of the Defendant and its principal, Mr. Sunny Kalara, as well as their agents and representatives. The full language of the release is set forth in the attached Settlement and Release Agreement attached hereto as Exhibit "A." <u>To be clear, other than the claims in the Avoidance Action, the Trustee is unaware of, did not, and does not plan on pursuing any claims against any of the parties released. Thus, the Trustee views the requested releases as an accommodation in exchange for a prompt and full payment. Payments will be completed by May 15, 2017.</u>

5. Federal Rule of Bankruptcy Procedure 9019(a) allows a trustee to seek approval of a settlement affecting the bankruptcy estate. The decision whether or not to approve a particular settlement lies within the discretion of the Bankruptcy Court. *Am. Can Co. v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 605, 607 (5th Cir. 1980). "A proposed settlement must be 'fair and equitable' and in the best interests of the estate." *The Cadle Co. v. Moore (In re Moore)*, 608

F.3d 253, 263 (5th Cir. 2010) (citing *Jackson Brewing*, 624 F.2d at 608). The Trustee is of the opinion that the proposed settlement described above and in the Agreement is both fair and equitable and in the best interest of the bankruptcy estate and its creditors, and should therefore be approved.

6. Settlements and compromises are a "normal part of the bankruptcy process." *Id*. at 424 (quoting *Case v. Los Angeles Lumber Products Co*., 308 U.S. 106, 130 (1939)). They are "desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *In re Jackson Brewing Co*., 624 F.2d 599, 602 (5th Cir. 1980). "It must be remembered that the evaluation of any lawsuit is quite problematic and calls for a significant degree of speculation." *In re Texas Extrusion Corp*., 844 F.2d 1142, 1159 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). A reviewing court will uphold the approval of a settlement if it is the result of "an adequate and intelligent consideration of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's estate caused by delay, and the fairness of the terms of the settlement." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 309 U.S. 414, 434 (1968).

7. The parties to the Agreement believe that a consideration of the factors set forth in *TMT Trailer Ferry*, 390 U.S. at 425, and in Fifth Circuit cases such as *Jackson Brewing Co*., supports approval of the proposed settlement. In particular, the Fifth Circuit Court of Appeals has held that, in deciding whether to approve a settlement, courts should evaluate and set forth in a comprehensive fashion the following factors, "with a focus on comparing 'the terms of the compromise with the likely rewards of litigation.'" *In re Age Refining, Inc.*, 801 F.3d 530, 540 (5th Cir. 2015), quoting *Jackson Brewing Co*., 624 F.2d at 602.

> Factor 1: the probability of success in litigation, with due consideration for the uncertainty in fact and law;

3

> Factor 2: the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay;
>
> Factor 3: all other facts bearing on the wisdom of the compromise.

*Id.* The bankruptcy court's duty is to determine whether the value to the estate of the proposed settlement is reasonably equivalent to the value of the potential claim that the estate gives up in settlement. *In re Energy Co-op, Inc.*, 886 F.2d 921, 929 (7th Cir. 1989). The court need not conduct a mini-trial to determine the probable outcome of the litigation, but need only apprise itself of the relevant facts and law so that it can make an informed and intelligent decision. *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop., Inc.*), 119 F.3d 349, 356 (5th Cir. 1997). The Trustee submits that the proposed settlement is the best interest of the bankruptcy estate because it results in a fair and equitable compromise after consideration of the aforementioned factors.

8. **The probability of success, with due consideration for the uncertainty in fact and law.** The Trustee believes that it will prevail in the Avoidance Action. However, the Defendant is located out-of-state and collection could be time consuming and expensive, particularly given the amount in controversy.

9. **The complexity and likely duration of litigation and any attendant expense, inconvenience, and delay.** The key attendant expense, inconvenience, and delay relates to collection of the Transfers after a judgment is obtained. Because the Defendant is located out of state, collection may reasonably be expected to be time consuming and relatively expensive in light of the amount in controversy.

10. **All other factors bearing on the wisdom of the settlement.** One of such other factors, the Fifth Circuit has held, is "the paramount interest of creditors with proper deference to

4

their reasonable views." *Age Refining, Inc.*, 801 F.3d at 540 n.28, citing *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The settlement results in the availability to the estate of the complete amount sought to be recovered in the Avoidance Action. The payment will occur in two monthly installments, completed by May 15, 2017. There is a substantial risk of substantial delay with no ultimate benefit if the Trustee were required to attempt to execute on a judgment. In the Trustee's experience, the avoidance of delay and certainty of recovery are of paramount importance to creditors in Chapter 7 cases. In particular, a number of other preference and other actions to recovery property and enhance this estate are pending in this Chapter 7 case. The bankruptcy case is over two years old. There is value to the creditors in the efficient disposition of the suits.

11. The Trustee and the Defendant are each represented by counsel. The proposed settlement is the product of their assessment of their respective cases and of arm's length, good faith negotiations between the parties. In the Trustee's judgment, having litigated and settled numerous suits such as the Avoidance Action, the settlement is fair and equitable. *See In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D. N.Y. 1991) (The court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise.") (internal citations omitted); *see also In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D. N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness."). Accordingly, the Trustee requests the Court to approve this compromise.

5

WHEREFORE, PREMISES CONSIDERED, the Trustee requests the Court to approve the settlement described herein and in the attached Exhibit "A," and to grant such other and further relief as to which the Trustee may show himself justly entitled.

Respectfully submitted,

KELL C. MERCER, P.C.
1602 E. Cesar Chavez Street
Austin, Texas 78702
(512)627-3512 / (512)597-0767 (fax)
kell.mercer@mercer-law-pc.com

By: _/s/ Kell C. Mercer_
      Kell C. Mercer
      State Bar No. 24007668

LITIGATION COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I, Kell C. Mercer, hereby certify that on March 15, 2017, a true and correct copy of the foregoing Motion was served on the persons named on the attached list, by the methods indicated and at the addresses listed.

_/s/ Kell C. Mercer_
      Kell C. Mercer