EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
|   COINTERRA, INC., | § | CASE NO. 15-10109-HCM |
| | § | CHAPTER 7 |
|   DEBTORS. | § | |
| | § | |
| | § | |

___

| | | |
|---|---|---|
| **RANDOLPH N. OSHEROW,** | § | |
| **CHAPTER 7 TRUSTEE,** | § | |
| | § | |
|   **Plaintiff,** | § | |
| | § | **ADVERSARY NO.** |
|   v. | § | |
| | § | Case No. 16-01055-HCM |
| **Kalara Law Corporation,** | § | |
| | § | |
|   **Defendant.** | § | |

## GENERAL RELEASE OF ALL CLAIMS AND SETTLEMENT AGREEMENT

RECITALS:

1. The parties being released hereunder, KALARA LAW CORPORATION, a California Corporation, and each of its their respective servants, attorneys, principals, agents, employees, shareholders, directors, officers, representatives, successors, assigns, and/or any entity or person acting by, through, under or in concert with any of it, and/or any person or entity acting directly or indirectly in the interest of and/or acting with or on behalf of any of it personally, officially, individually or in any capacity whatsoever, and, Mr. SUNNY KALARA,

Page 1 of 9

FOR RELEASING PARTY                                              FOR RELEASED PARTY

By:_____                      By:_____

an individual, on behalf of himself and his representatives, spouse, principals, agents, heirs, beneficiaries, successors, executors, trustees, administrators and assigns, shall hereinafter be referred to, jointly and individually as "Released Party."

2. The party executing this Release, **RANDOLPH N. OSHEROW**, **CHAPTER 7 TRUSTEE FOR COINTERRA, INC. ('CHAPTER 7 TRUSTEE")**, their respective servants, attorneys, principals, agents, employees, directors, officers, representatives, successors, assigns, and/or any entity or person acting by, through, under or in concert with any of them, any of them personally, officially, individually or in any capacity whatsoever, and/or any person or entity acting on behalf of any of them, shall hereinafter be referred to as "Releasing Party." For the purposes of this Release, **KALARA LAW CORPORATION, SUNNY KALARA** and **RANDOLPH N. OSHEROW**, **CHAPTER 7 TRUSTEE FOR COINTERRA, INC.**, shall each conversely be considered as "Released Parties" as well as "Releasing Parties" as to the above referenced case entitled, In The United States Bankruptcy Court for the Western District of Texas, Austin Division, Case No. 15-10109-HCM (Chapter 7): *In Re: Cointerra, Inc., Randolph N. Osherow, Chapter 7 Trustee v. Kalara Law Corporation* (the "Bankruptcy Case") so that all claims or counterclaims against either party and/or each of their respective servants, attorneys, principals, agents, employees, shareholders, directors, officers, representatives, successors, assigns, and/or any entity or person acting by, through, under or in concert with any of them, and/or any person or entity acting directly or indirectly in the interest of and/or acting with or on behalf of any of them personally, officially, individually or in any capacity whatsoever are hereby extinguished by this Release.

Page 2 of 9

FOR RELEASING PARTY            FOR RELEASED PARTY

By:_____           By:_____

3. This General Release and Settlement Agreement is between the Released Party and Releasing Party, and is hereafter referred to as the "Release," or the "Agreement."

4. As used in this Agreement, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

5. As consideration for the Release:

(a) The Released Party agrees to pay the Releasing Party the sum of Twelve Thousand and 00/100 Dollars ($12,000.00) ("Settlement Funds") in full and final settlement of the Bankruptcy Case and the claims asserted in the above styled and numbered Adversary Proceeding. This payment of the Settlement Funds shall be made by wire transfer, cashier's check or other immediately available funds in two (2) installments on the following days of the execution of this Release:

First Installment - $6000 by March 15, 2017

Second Installment - $6000 by May 15, 2017

6. In exchange for the above consideration, the receipt, sufficiency and adequacy of which is hereby expressly acknowledged, Releasing Party does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Released Party from any and all rights, promises, obligations, liens, claims, demands, liabilities, actions and causes of actions of whatever kind and character, in law or equity, in contract, tort or other, both known and unknown, disclosed and undisclosed, actual and consequential, specific and general, however denominated, arising out of or in any way connected with the events and incidents described in Bankruptcy Case, that are the subject of the Bankruptcy Case, have been the subject of, or could

Page 3 of 9

| FOR RELEASING PARTY | FOR RELEASED PARTY |
|---|---|
| By:_____ | By:_____ |

have been the subject of**,** for any past, present, or future claim, relief or cause of action, no matter how denominated, income from any source, declaratory or injunctive relief, compensatory, liquidated or punitive damages, compensatory damages, money, remuneration, or thing of value whatsoever, by the Releasing Party against the Released Party. It is the intent of the parties herein to bar and fully and finally discharge and release any and all claims the Releasing Party has or may have against the Released Party up to and including the date of the execution of the release, whether they involved the incidents relating to the afore-referenced case or not.

7. In exchange for the above consideration, the receipt, sufficiency and adequacy of which is hereby expressly acknowledged, it is the express intent of the Releasing Party to enter into this full and final settlement and compromise of all claims against Released Party, whatsoever, arising out of events occurring up to and including the date of execution of this Release.

8. It is understood, agreed and stipulated between the parties hereto that the consideration described herein is in complete and full accord, satisfaction and discharge of any and all doubtful or disputed claims, whatsoever, of which all said claims are expressly denied by each Party in the Bankruptcy Case. Neither Party does, by virtue of this Agreement, admit liability to anyone or any entity as a result of any incident, act or omission described in or cognizable by the aforementioned claims or causes of action, and specifically denies same. This Agreement is entered into for the sole purpose of settlement and compromise of all matters in the Bankruptcy Case. It is stipulated and agreed that this Agreement and the negotiations of the parties resulting in this Agreement shall not constitute admissible evidence of any matter for any

FOR RELEASING PARTY                                    FOR RELEASED PARTY

By:_____                              By:_____

purpose whatsoever, other than for the sole purpose of a claim of a breach of this Agreement.

9. This Agreement is not an admission by Releasing Party of any unlawful acts against Releasing Party or any other person whatsoever. Releasing Party denies any violation of any act, statute or law whatsoever. Releasing Party denies and disclaims any liability to Releasing Party or any other person whatsoever.

10. **Waiver of California Civil Code Section 1542**.

The Parties acknowledge and agree that this Agreement applies to all claims, losses, damages and causes of action, whether known or unknown, of whatever nature, whether these damages or losses are known or unknown, foreseen or unforeseen, or patent or latent, which they may have against any of the other Parties. The Parties specifically waive application of California Civil Code Section 1542 and certifies that they have read the following provision of California Civil Code Section 1542 which provides that:

> "**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**"

The Parties understand and acknowledge that the significance and consequence of this waiver of California Civil Code Section 1542 includes that even if they should eventually suffer additional injuries or damages relating in any way to or arising in any way out of the Bankruptcy Case, and/or the dispute set forth above, they will not be able to make any claim for those injuries or damages. The Parties acknowledge that they intend these consequences even as to claims for injuries or damages that may exist as of the date of this Agreement but which they do

Page 5 of 9

FOR RELEASING PARTY                           FOR RELEASED PARTY

By:_____               By:_____

not know exist, and which, if known, would materially affect their decision to execute this Agreement, regardless of whether their lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

11. Releasing Party warrants and represents: (1) that they are fully competent, entitled and authorized to give this complete release and discharge, and do so voluntarily and knowingly; (2) there are no prior assignments or transfers of any portion of or interest in any of their claims or causes of action; (3) there are no liens or claims of lien or assignments in law or equity or otherwise of any claims or causes of action in the Bankruptcy Case herein; and (4) Releasing Party is fully aware of all facts and rights and applicable law with regard to their claims and/or causes of action and are represented by counsel of their choice with respect to their claims and/or causes of action, and has had the full opportunity to review and approve the content and execution of this Agreement with their counsel.

12. Confidentiality of Agreement. The Releasing Party and the Released Party expressly understand and agree that this Agreement and its contents (including, but not limited to, the fact of payment and the amounts to be paid hereunder) shall remain CONFIDENTIAL and shall not be disclosed to any third party whatsoever, except the Parties' counsel, accountants, financial advisors, tax professionals retained by them, any federal, state, or local governmental taxing or regulatory authority, and the Parties' management, officers and Board of Directors, and except as required by law or order of court. Any person identified in the preceding sentence to whom information concerning this Agreement is disclosed is bound by this confidentiality provision and the disclosing party shall be liable for any breaches of confidentiality by persons to whom

Page 6 of 9

FOR RELEASING PARTY                           FOR RELEASED PARTY

By:_____                     By:_____

he/she/it has disclosed information about this Agreement in accordance with this paragraph. If any subpoena, order or discovery request is received by any of the Parties hereto calling for the production of the Agreement, such Party shall promptly notify the other Party hereto prior to any disclosure of same and allow the other Party at least ten (10) business days following such notice to respond. The Parties to this Agreement represent, warrant, agree and acknowledge that irreparable injury will result from any breach of this Paragraph, and that the non-breaching Party will be entitled to an immediate injunction against the breaching party to prevent further injury. This paragraph is a material part of this Agreement.

  13. Tax Reporting. The parties agree to handle and resolve any tax issues that may be related in regard to this payment and settlement.

  14. No Liability for Attorney's Fees. Upon the execution of this Agreement, the Parties and their counsel shall release and forever discharge the other from any and all liability for attorneys' fees, expenses and costs in any way arising from or relating to this dispute.

  15. Agreement is Legally Binding. This Agreement shall be legally binding upon and shall inure to the benefit and/or detriment of the Parties and their respective heirs, successors, assigns, executors, administrators, trustees, beneficiaries, guardians, agents, principals, and representatives.

  16. Should any part of this General Release and Settlement Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this General Release and Settlement Agreement.

FOR RELEASING PARTY            FOR RELEASED PARTY

By:_____          By:_____

17. This Agreement contains the entire agreement, understanding and stipulation between the parties hereto, none of whom admit allegations, defenses or other assertions made in any pleading filed in the Bankruptcy Case and/or the above styled and numbered Adversary Proceeding. It fully and finally supersedes any and all prior negotiations, promises, agreements or understandings between the parties hereto pertaining to the subject matter hereof. The parties have had full possession of any and all facts with regard to the claims or rights of each other, and full access to respective counsel. The terms of this Agreement are contractual, not a mere recital, and may be enforced in court. Except as stated herein, the terms of this Agreement are executed without reliance upon any representation by the Released Party or any of its representatives.

18. Governing Law. The terms and provisions of this Agreement shall be construed, interpreted and governed, by the laws of the State of Texas.

19. This Release may be executed in multiple counterparts, each of which shall be deemed an original, and all of which taken together shall be deemed as one instrument. The Agreement may further be executed by facsimile signature by the parties hereto, and any such facsimile signatures shall have the same force and effect as if manually signed.

//
//
//
//
//
//

Page 8 of 9

FOR RELEASING PARTY                                   FOR RELEASED PARTY

By:_____                             By:_____

20. THIS IS A FULL AND FINAL RELEASE. THE PARTIES HAVE CAREFULLY READ THIS RELEASE CONSISTING OF NINE (9) PAGES AND EXECUTE OR AUTHORIZE THE EXECUTION OF THE SAME OF THEIR OWN FREE WILL WITH A FULL UNDERSTANDING OF AND VOLUNTARY AGREEMENT TO ITS CONTENTS.

**FOR RELEASED PARTY:** WITNESS our signatures this _____ day of March, 2017.

BY: _____
     SUNNY KALARA

BY: _____
     KALRA LAW CORPORATION

**FOR RELEASING PARTY:** WITNESS our signatures this _____ day of March, 2017.

BY: _____
     RANDOLPH N. OSHEROW, CHAPTER 7 TRUSTEE

BY: _____
     KELL C. MERCER
     ATTORNEY FOR RELEASING PARTY