IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re* | § | |
| | § | |
| **COINTERRA, INC.,** | § | **CASE NO. 15-10109-HCM** |
| | § | |
| *Debtor.* | § | **Chapter 7** |

**FIRST AND FINAL APPLICATION
OF KELL C. MERCER & KELL C. MERCER, P.C.,
LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

---

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty-one (21) days from the date of service, the relief requested in the motion may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

---

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

Kell C. Mercer and Kell C. Mercer, P.C., ("Mercer" or "Applicant") files this First and Final Application for Compensation and Reimbursement of Expenses (the "Application") as Litigation Counsel for Randolph N. Osherow, the Chapter 7 Trustee (the "Trustee"), in the above captioned case, requesting $7,840.00 in fees for legal services rendered, and $3,478.07 in expenses for the period February 2, 2016, through April 17, 2017, plus an additional $115.00 in expenses for copying and postage charges relating to this Application (the "Applicable Period"), and in support thereof would show the Court as follows:

**NARRATIVE SUMMARY**

**Background**

1. On January 24, 2015 (the "Petition Date"), Conterra, Inc., the debtor in the above-styled and numbered bankruptcy case (the "Bankruptcy Case"), filed a voluntary petition for

relief under Chapter 7 of title 11, United States Code (the "Bankruptcy Code"), and the Trustee was appointed.

4. On February 10, 2016, the Trustee moved to retain Mercer to serve as litigation counsel to investigate and bring preference and fraudulent transfer claims. *See* Docket No. 79. An Order authorizing Mercer's engagement was entered on March 7, 2016. *See* Docket No. 80. Thereafter, between June 28, 2016 and July 13, 2016, Mercer commenced nine (9) adversary proceedings for avoidance and recovery under 11 U.S.C. §§ 547, 548 and 550. In addition, Mercer negotiated resolution of a tenth potential claim without the need for filing an adversary proceeding. Between July 13, 2016 and March 15, 2017, Mercer negotiated the resolution of five of these ten matters resulting in receipt by the bankruptcy estate of payments in the total aggregate amount of $90,844.57. With respect to the other five adversary proceedings filed by Mercer, following discussions and exchanges of information with the defendants, it was determined that statutory defenses existed that precluded recovery by the estate. Those cases were then dismissed.

5. Applicant has agreed to charge the Trustee, and the Trustee has agreed to pay Applicant, an hourly rate for time expended on behalf of the Trustee and the Bankruptcy Estate. Applicant's rate for representing the Trustee is $400.00 per hour. In addition, subject to Court approval the terms of employment of the Applicant include reimbursement of the actual amounts incurred by Applicant for all expenses, such postage and delivery services.

**Case Status**

6. In addition to the applicant, the Trustee has retained the following professionals: (1) Accountant, Jennifer Rakowitz of WYSI WYG Consulting ("Rakowitz"); and (2) Attorney for the Estate, Steve Turner and Barrett Daffin Frappier Turner & Engel, LLP ("Turner").

Turner has filed a final application for allowance and payment of $27,565.00 in fees and $457.47 in expenses. As of the date hereof, the estate is holding $82,808.36 in distributable funds.

## PROJECT SUMMARIES

7. Since June 17, 2016, Applicant has represented the Trustee as litigation counsel. A detailed descriptive explanation of the services performed, the dates the services were performed, and the amounts of time spent on those services during the Applicable Period of this Application is attached hereto as Exhibit "1."

## ITEMIZATION OF SERVICES RENDERED

8. It is Applicant's policy to bill in increments of tenths of an hour. Time entries are made contemporaneously with the services rendered. Time and services are presented chronologically as shown on Exhibit "1." Time entries for telephone calls, letters, other communication, court hearings and conferences identify the persons spoken to and/or in attendance and the general nature or subject matter of the conference.

## REIMBURSEMENT FOR ACTUAL, NECESSARY EXPENSES

9. Applicant has incurred $3,478.07 in expenses in connection with this representation. The expenses consist of filing fees, costs to image a hard drive obtained from the Debtor to preserve it for any necessary use in litigation, and copying and postage charges. Those charges are itemized on Exhibit "1." Invoices as required by the local rules are also attached to Exhibit "1." In addition, the Applicant requests an additional $115 in copying and postage charges incurred in connection with service of this Application.

## OBJECTIVE STANDARDS AFFECTING LEGAL FEES

10. The fee setting process under any federal statute providing for the recovery of attorney's fees necessarily begins with an examination of the nature and extent of the services rendered or what is referred to as the "time spent" standard. In other words, a measure of the

quantum of services must precede the determination of the value of those services. See, for instance, *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied sub nom. Baddock v. American Benefit Life Insurance Company,* 431 U.S. 904 (1977). Exhibit "1" to this Application sets forth in detail all of the work performed for which final allowance of compensation is sought. The dates such services were rendered, the amounts of time spent and the fees charged, and a description of the services provided are all detailed in Exhibit "1." Applicant believes that the detail of Exhibit "1" supports the position that reasonable compensation is being requested. All of the services specified in Exhibit "1" were necessary to enable the Trustee to perform his statutory duties, fulfill his fiduciary obligations and preserve the litigation claims of the bankruptcy estate for the benefit of its creditors.

11. Applicant is cognizant of the fact that compensation will be paid to lawyers only for legal work and the dollar value of a particular task is not enhanced simply because a lawyer does it. Care has been taken, therefore, to avoid the performance of purely ministerial tasks at lawyers' rates, through waiving the charges for such services. As reflected in Exhibit "1," Applicant "zero charged" several items.

### FACTORS AFFECTING COMPENSATION

12. It has been recognized that factors other than number of hours spent and the hourly rate normally charged may be considered in fixing the amount of reasonable attorneys fees to be awarded in a bankruptcy proceeding. *First Colonial*, *supra*; *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974). These subjective factors that the courts are required to consider are discussed below.

### REPUTATION AND EXPERIENCE OF ATTORNEY

13. Kell C. Mercer, Applicant's sole attorney and shareholder, has practiced and worked with or against a number of practitioners in this District, and has regularly appeared

before the courts of the District over a period of many years as well as in the state courts. Applicant believes that, as a result, Mr. Mercer has acquired a favorable reputation in the legal community, particularly with respect to bankruptcy matters.

14. The credentials of Mr. Mercer include a B.A. in political science in 1994 from Louisiana State University, and his graduation *cum laude* from Creighton University School of Law in 1998. He began his legal career at Sheinfeld, Maley & Kay, P.C., in Austin, Texas and was a partner first at Brown McCarroll, LLP. which then merged with and became Husch Blackwell, LLP, before opening his own office in February of 2016.

15. In his 19 years of practice, Mr. Mercer has represented debtors, creditors' committees, Chapter 11 trustees, plan trustees, purchasers, Chapter 7 trustees, receivers, and secured and unsecured creditors in commercial bankruptcy and reorganization cases. He is experienced in preference and fraudulent transfer litigation, business litigation including fraud, breach of contract, and business tort ligation, construction and telecommunication litigation, property owners' association claims, bond and lien claims, and collection actions. It is submitted that this background and experience demonstrates that the Applicant is particularly qualified to represent the Trustee in this case and demonstrates a level of experience and expertise to justify the compensation sought in this Application.

## SKILL REQUIRED

16. The skills required most in this case were Mr. Mercer's litigation skills and negotiation skills.

## RESULTS OBTAINED

17. During the Applicable Period, Applicant reviewed the facts and circumstances relating to the Transfer and prepared nine complaints. *See* Docket Nos. 96-103, and 106. The Applicant then filed and supervised the service of the complaints, several of which required

international service of process pursuant to the Hague convention. After the complaints were served, the Applicant negotiated resolutions with the Defendants and one party that had not been sued but was sent a communication regarding alleged claims. In connection with the resolutions reached, the Applicant prepared and obtained approval of four 9019 Motions, and collected the full amount of one adversary complaint, resulting in the bankruptcy estate receiving payments in the total aggregate amount of $90,844.57. *See* Docket Nos. 118-120, 127, 123-125, and 128. All settlements were disclosed and approved by the Bankruptcy Court.

## PRECLUSION OF OTHER EMPLOYMENT

18. Applicant is a single attorney firm, and the time demands of representing the Trustee in this case contributed to Applicant's full workload. Even so, Applicant is not aware of having been precluded from accepting any specific other engagement(s) during the Applicable Period because of its representation in this case.

## PREPARATION OF THIS APPLICATION

19. The *First Colonial* case and other similar holdings have required the preparation of very detailed applications for compensation. These applications serve the purposes of informing the Court and the creditors of the status of the case and the activities of the attorney for the estate. "It would be unduly penurious to require such accounting without granting reasonable compensation." *Rose Pass Mines, Inc. v. Howard*, 615 F. 2d 1088 (5th Cir. 1980). The Applicant has included $115 for copying and postage charges in expenses for preparing and serving this final fee application.

## TIME LIMITATIONS IMPOSED BY THE CASE

20. No time constraints or deadline affected the services that Applicant provided.

## CUSTOMARY CHARGES FOR THE SERVICES RENDERED

21. The hourly rate at which compensation is requested is $400.00. The rate is that customarily charged by Applicant to its usual and regular clients and to the other clients that Applicant represents in bankruptcy-related matters. Applicant believes that this rate is no greater, and in some instances is lower, than those being charged by attorneys with similar qualifications and experience in this District. Applicant has not sought to analyze in detail awards made in similar cases, for the reason that this Court is as familiar with the size of other fee awards in this District. Applicant believes that when all of the foregoing is considered, the compensation sought herein is in line with the awards made in similar cases in this District.

## CONTINGENT NATURE OF THE FEE

22. The field of bankruptcy is perhaps the only area of legal practice in which attorneys are asked to work on a contingent fee basis but in which the fee is calculated at an hourly rate. It is generally recognized that a lawyer will charge more in a situation where the receipt of his fee is contingent upon success than in a case in which he is certain to be compensated for work performed without respect to the outcome. Consideration of the contingency of payment can be appropriate in fixing compensation in a bankruptcy case, where an attorney is faced with uncertainty of payment.

## ECONOMIC ADMINISTRATION OF THE ESTATE

23. In cases arising under the Bankruptcy Act, some courts had held that the most important consideration in fixing attorneys fees was the conservation of the estate or the so-called "principle of economy." *See e.g.*, *In re Beverly Crest Convalescent Hospital, Inc.*, 548 F.2d 817 (9th Cir. 1976). This view was rejected by Congress in the adoption of the Bankruptcy Code, which provides that professionals shall be compensated on the basis of the cost of comparable services in cases outside the area of bankruptcy. H.R. No. 95-595, 95th Cong. 1st

Sess. 329-30 (1977). Thus, fees are no longer subject to an artificial limitation merely because they are being paid from the estate of a debtor. The Applicant would submit, nonetheless, that it has attempted at all times to control charges to the Trustee to the extent possible, by exercising appropriate billing judgment to reduce its fees if they were disproportionately greater than the value of the services provided. In summary, Applicant submits that the fees and expenses requested by way of this Application are reasonable in light of the appropriate considerations.

### RULE 2016 STATEMENT

24.     Pursuant to Bankruptcy Rule 2016(a), Applicant states the following: no promises have been made to Applicant from anyone other than the Trustee for services rendered or to be rendered in any capacity whatsoever in connection with this case. The Trustee agreed to pay Applicant its normal hourly rate as set forth above. Applicant received no retainer in this case. Applicant has not shared any previous compensation and no agreement or understanding exists between the Applicant and other persons for the sharing of compensation received or to be received for services rendered or in connection with this case.

### LOCAL RULE 2016 SUMMARY

25.     The Fee Application Summary required by Local Rule 2016 (a)(1) is attached hereto as "Exhibit 2."

### SUMMARY AND CONCLUSION

26.     The Applicant is seeking compensation for the Applicable Period of June 17, 2017 through March 13, 2017, for 10 hours of the undersigned's time at $400 per hour for services furnished as attorney for the Trustee requesting $7,840.00 in fees for legal services rendered, and $3,478.07 in expenses for the period February 2, 2016, through April 17, 2017, plus an additional $115 in expenses for copying and postage charges relating to this Application. Applicant asks that the Trustee be authorized to pay such amount immediately upon entry of the

Order approving said fees, out of funds on hand. It is submitted that, for the reasons more fully set forth above, the amounts sought by Applicant herein are fair and reasonable compensation in light of all the circumstances including the size and complexity of this case and the results obtained.

WHEREFORE, PREMISES CONSIDERED, Kell C. Mercer, P.C., requests that after notice and opportunity for hearing this Court enter an Order approving this First and Final Application for Compensation as requested, and for such other and further relief to which it may be entitled.

Dated: July 3, 2017.

Respectfully submitted,

KELL C. MERCER, P.C.
1602 E. Cesar Chavez Street
Austin, Texas 78702
(512)627-3512 / (512)597-0767 (Fax)
Email: kell.mercer@mercer-law-pc.com

By: */s/ Kell C. Mercer*
　　　Kell C. Mercer
　　　State Bar No. 24007668

COUNSEL FOR RANDOLPH N. OSHEROW,
CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

By my signature above, I, Kell C. Mercer, hereby certify that on July 3, 2017, a true and correct copy of the foregoing Motion was served via the court's ECF/ECM system to those authorized to receive notices by such system, and on the persons named on the attached list, by first class United States mail.

/s/ *Kell C. Mercer*
Kell C. Mercer